FILED

2004 MAY -3 P 3: 15

U.S. DISTRICT COURT
BRIDGEPORT, CONN

UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

O'KEEFE & ASSOCIATES, INC. :

    Plaintiff :

VS. : CIVIL ACTION NO.
        3:00CV00678 (SRU)
THEME CO-OP PROMOTIONS, INC. :

    Defendant : APRIL 30, 2004

## PLAINTIFF'S MOTION FOR LEAVE TO AMEND
## COMPLAINT AND MEMORANDUM OF LAW

Pursuant to Fed.R.Civ.P. 15(a), Plaintiff, O'Keefe & Associates, Inc. ("O'Keefe"), moves to amend its Complaint and for leave to file its Second Amended Complaint, attached hereto.

Rule 15(a) allows a party to amend the party's pleading by leave of court, and "leave shall be freely given when justice so requires". The present amendment seeks to amplify the current Amended Complaint dated December 15, 2000 by adding causes of action that flow from the facts already pleaded and from those which O'Keefe has discovered since the action was filed. The present amendment also re-alleges a breach of the Covenant of Good Faith and Fair Dealing as per the Court's Order on Defendant's Motion to Dismiss. There is no prejudice to the Defendant by this amendment.

Plaintiff's Second Amended Complaint alleges that Defendant breached its express (Count One) and implied (Count Two) contractual obligations to Plaintiff by

failing to fully compensate Plaintiff as agreed for recruiting, screening and presenting candidates which Defendant hired and that Defendant has been unjustly enriched (Count Four) and is liable to Plaintiff under the theory of Promissory Estoppel (Count Five).

The Second Amended Complaint also alleged that Defendant breached the Implied Covenant of Good Faith and Fair Dealing, which is, by law, a part of every contract. Defendant's Motion to Dismiss the claim was granted by the Court, without prejudice to Plaintiff to re-allege this cause of action if sufficient factual support was uncovered during the course of discovery. As set forth in the attached Second Amended Complaint, discovery has determined that Defendant wrongfully and willfully refused to pay monies owed under its contracts and agreements with Plaintiff, and asserted reasons to justify its actions which it knew to be false. Moreover, evidence was uncovered that Defendant had made a practice of attempting to avoid its contractual obligations to recruiters and contractors other than O'Keefe. There is more than sufficient evidence that Defendant simply wished to avoid meeting its obligations, and in an effort to do so, has asserted and continues to assert objections, defenses and counterclaims having no basis in fact.

The evidence clearly shows that O'Keefe met its contractual obligations to Defendant and recruited, screened and presented qualified candidates which Defendant subsequently hired. Contrary to Defendant's allegations, the candidates presented by O'Keefe were all fully qualified, with a history of successful performance before, during

and after their employment with TCP. Any difficulties these employees encountered were due to internal problems and management decisions made by TCP, and not due to any lack of qualifications on the part of the candidates nor any negligent, fraudulent or intentional misconduct by O'Keefe.

As such, Plaintiff's Second Amended Complaint has been amended to allege further factual support for its claimed breach of the Implied Covenant of Good Faith and Fair Dealing Count, as well as alleging new causes of actions sounding in Negligent Misrepresentation (Count Six), Fraudulent Misrepresentation (Count Seven), Violation of the Connecticut Unfair Trade Properties Act (Count Eight) and Quantum Meruit (Count Nine).

As Defendant noted in its own Motion for Leave to Amend Counterclaim dated June 18, 2003, "Under Rule 15(a), amendments to pleadings should be freely given when justice so requires". Foman v. Davis, 371 U.S. 178, 183 (1962). As Plaintiff's Second Amended Complaint "merely amplifies the allegations already raised in the original" Complaint, the Motion to Amend should be granted.

                                    THE PLAINTIFF

                                    BY _____
                                    Francis D. Burke
                                    MANGINES & BURKE, LLC
                                    1115 Main Street, Suite 708
                                    Bridgeport, CT 06604
                                    (203) 336-0887
                                    Fed. Bar No. ct18688

## CERTIFICATION

This is to certify that a copy of the foregoing has been sent, via U.S. Mail, postage prepaid, this 30th day of April 2004, to:

David A. Ball, Esq.
Cohen and Wolf, PC
1115 Broad Street
Bridgeport, CT 06604

_____
Francis D. Burke