UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

---

O'KEEFE & ASSOCIATES, INC.

        Plaintiff,

v.

THEME CO-OP PROMOTIONS, INC.

        Defendant.

Civil Action No.
3:00-CV-678 (SRU)

MAY 24, 2004

---

**DEFENDANT'S MEMORANDUM IN OPPOSITION TO**
**PLAINTIFF'S MOTION TO AMEND COMPLAINT**

**I.    PRELIMINARY STATEMENT**

In a futile effort to try to plead a claim that could give rise to the recovery of attorney's fees from the defendant Theme Promotions, Inc. ("Theme Co-op Promotions"), the plaintiff O'Keefe & Associates, Inc. ("O'Keefe" or "Plaintiff") submits its motion for leave to amend its complaint. Recognizing that the contracts which O'Keefe seeks to enforce do not permit O'Keefe to recover attorney's fees, O'Keefe now seeks leave to assert trumped up but unsubstantiated claims for breach of the implied covenant of good faith and fair dealing (Count Three), fraudulent misrepresentation (Count Seven) and violation of the Connecticut Unfair Trade Practices Act ("CUTPA") (Count Eight).

O'Keefe's motion for leave to amend its complaint at this late hour must be denied because the aforementioned counts would fail to withstand a motion to dismiss for failure to state a claim upon which relief may be granted. Thus, the proposed amendment is futile. First, O'Keefe's repeated attempt to plead a claim for breach of the implied covenant of good faith and

fair dealing again fails, because O'Keefe does not allege any facts supporting the requisite allegations of bad faith.  O'Keefe's earlier effort to assert this claim was rejected by this Court for the same reason, and O'Keefe has pled nothing new in the proposed Amended Complaint to suddenly create a valid claim of bad faith.  Because of this pleading deficiency, and because the claim is merely a disguised breach of contract claim, the proposed amendment would be futile.  Second, O'Keefe's count purporting to allege fraudulent misrepresentation is not pled with particularity and consequently does not meet the Rule 9(b) standard set forth in the Federal Rules of Civil Procedure.  This count also fails because garden variety breach of contract claims, as in the present case, cannot be the basis for claims of fraud.  Third, O'Keefe's CUTPA claim similarly fails to allege any aggravating circumstances beyond a mere breach of contract; thus this count is fatally flawed.  Finally, because O'Keefe's prayer for attorney's fees and punitive damages flows from these defective counts, the request for this relief must also be dismissed.

## II.    ARGUMENT

### A.    The Standard.

Pursuant to Rule 15(a) of the Federal Rules of Civil Procedure a "plaintiff may amend its complaint only upon leave of the court or upon the consent of the opposing party."  Coleman v. Aztec Lighting, 2004 WL 213031 *2  (D. Conn. 2004).[1]  "[A] court may exercise its discretion to deny amendment based upon …futility of the amendment." Id. (denying motion for leave to amend complaint on the grounds the amendment is futile) *(quoting* Foman v. Davis, 371 U.S. 178, 182 (1962)). An amendment is considered futile where "the complaint as amended would

---

[1] Copies of all unreported cases are annexed hereto as Exhibit A.

fail to withstand a motion to dismiss for failure to state a claim." Coleman, 2004 WL 213031 *2 (internal citations and quotations omitted). "It is appropriate to deny a motion for leave to amend based on futility where 'it is beyond doubt that the plaintiff can prove no set of facts in support of [its] amended claims." Id. (quoting, Pangburn v. Culbertson, 200 F.3d 65, 70-71 (2d. Cir. 1999)(internal citations and quotation marks omitted).

      **B.**      **O' Keefe fails to plead a cognizable claim for breach of the implied covenant of good faith and fair dealing, rendering the proposed amendment futile.**

O'Keefe's proposed claim for breach of the implied covenant of good faith and fair dealing (Count Three) could not possibly survive a motion to dismiss pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure because O'Keefe's proposed count simply re-states O'Keefe's initial claim for breach of contract and does not allege any facts rising to the level of bad faith. Thus, the proposed amendment is futile, and denial of O'Keefe's motion for leave to amend is proper.

A party asserting breach of the implied covenant of good faith and fair dealing must plead and prove something more than a mere breach of contract.

> To prove a claim for bad faith under Connecticut law, the plaintiff is required to prove that the defendant[] engaged in conduct designed to mislead or to deceive… or a neglect or refusal to fulfill some duty or some contractual obligation not prompted by an honest mistake as to one' s rights or duties . . *Bad faith is not simply bad judgment or negligence, but rather it implies the conscious doing of a wrong because of dishonest purpose or moral obliquity… It contemplates a state of mind affirmatively operating with furtive design or ill will. Under Connecticut law, a bad faith claim must be alleged in terms of wanton and malicious injury, evil motive and violence . . . .*" Martin v. American Equity Ins. Co., 185 F. Supp.2d 162 (D. Conn. 2002)(Internal citations and quotations omitted)(emphasis added).

Moreover, neglect or refusal to fulfill a contractual obligation does not rise to the level of bad faith unless it is prompted by an interested or sinister motive. Gibbons v. NER Holdings,

3

Inc., 983 F. Supp. 310, 319 (D. Conn. 1997); Joseph Cohn & Son, Inc. v. Barclay White Skanska, Inc., 2002 WL 1295617 * 1 (Conn. Super. 2002)(same)(quoting, Feinberg v. Berglewicz, 32 Conn. App. 857, 862 (1993)).

Therefore, simply breaching a contract does not give rise to a claim for breach of the implied covenant of good faith and fair dealing. In Pine Creek Partners, LLC v. Joseph L. Seaman, No. CV990364880S, 2000 Conn. Super. LEXIS 3589, *7, (Conn. Super. Ct. Dec. 21, 2000), the trial court struck plaintiff homeowner's claim for breach of the implied covenant of good faith and fair dealing against defendant excavator. Plaintiff claimed that the defendant failed to complete the excavation, paving and additional work pursuant to the terms of their contract. Id. at *1. In pleading a claim for breach of the implied covenant of good faith and fair dealing, plaintiff alleged that the defendant acted 'willfully, wantonly, outrageously and maliciously' in breaching the contract. Id. at *4.

The court granted the defendant's motion to strike, finding that plaintiff failed to sufficiently allege bad faith on the part of the defendant. Id. at *9. Although the plaintiff alleged that it demanded that defendant complete the work and defendant 'failed, neglected and refused to do so', as well as retained payment for work not completed, the court found that these factual allegations were insufficient to support a claim for breach of the implied covenant of good faith and fair dealing. Id.

In Joseph Cohn & Son, Inc. v. Barclay White Skanska, Inc., 2002 WL 1295617 *2, the court granted a motion to strike a claim for breach of the implied covenant of good faith and fair dealing in an employee's claim that her employer withheld payment. The court held that the plaintiff's claims were "garden variety breach of contract claims" and that the "plaintiff has not

4

alleged any facts, as opposed to unsubstantiated conclusions, which show that the defendant was acting in bad faith." Id. at *5.

In an attempt fit a square peg of a contract claim into the round hole of a tort claim, O'Keefe does not proffer any allegations of bad faith and, failing to learn from its past missteps, simply ignores the pleading requirements for this cause of action.[2] Plaintiff's count for breach of the implied covenant of good faith and fair dealing directly contravenes the rule that "neglect or refusal to fulfill a contractual obligation" does not rise to the level of bad faith unless it is "prompted by an interested or sinister motive." O'Keefe merely asserts in its proposed amended complaint that Theme Co-op Promotions, "willfully and knowingly refused to pay O'Keefe for services rendered and due and owing under the parties' agreement" and "knowingly asserted false and unsupported objections and excuses in order to avoid paying O'Keefe what was rightfully due under the parties' agreements." *See* O'Keefe' Proposed Amended Complaint ¶ 37 – 38. These allegations, even if true, do not come close to the standard of pleading bad faith. Rather, O'Keefe has simply restated that Theme Co-op Promotions allegedly breached an agreement.

Furthermore, there are no allegations of "w*anton and malicious injury, evil motive and violenc*e," in this count. Instead, O'Keefe simply asserts conclusory accusations that Theme Co-op Promotions allegedly refused to pay on the basis of false grounds. *See* O'Keefe's Proposed Amended Complaint ¶¶ 39-44. If O'Keefe is correct and proves these claims, it will have proven breach of contract and nothing more.

---

[2] As Theme Co-op Promotions successfully illustrated in its original motion to dismiss O'Keefe's initial claim for breach of the implied covenant of good faith and fair dealing, O'Keefe consistently ignores the pleading requirements for this cause of action. On January 16, 2001, utilizing the same rationale that O'Keefe cannot simply boot-strap a breach of contract claim into a claim for breach of the implied covenant of good faith and fair dealing, Theme Co-op Promotions moved to dismiss O'Keefe's initial claim. On June 4, 2001, this Court dismissed O'Keefe's claim without prejudice.

On June 4, 2001, this Court dismissed O'Keefe's initial attempt to plead a claim for breach of the implied covenant of good faith and fair dealing because O'Keefe failed to plead bad faith. There are absolutely no new facts asserted in the proposed amended complaint that resuscitate this claim. Therefore, because O'Keefe's proposed Count Three cannot possibly state a claim upon which relief could be granted, the proposed claim is futile. O'Keefe's motion for leave to amend should be denied.

**C.     O'Keefe fails to plead a viable claim of fraudulent misrepresentation, rendering the proposed amendment futile.**

O'Keefe's proposed claim of fraudulent misrepresentation (Count Seven) fails. O'Keefe does not allege any of the elements of fraud, nor can it assert the particularized facts necessary to sustain a fraud claim. Rather, O'Keefe has simply attempted to bootstrap its breach of contract claim into a fraud claim in an effort to find a way to recover its attorney's fees. The proposed amendment is futile.

1.     <u>O'Keefe fails to plead fraudulent misrepresentation with particularity</u>.

O'Keefe neglects to plead the elements of fraudulent misrepresentation with particularity, and therefore has failed to comply with the mandates of Rule 9(b) of the Federal Rules of Civil Procedure and the stringent pleading requirements in this District.

"Under Connecticut law, the elements of a claim for fraudulent representation are as follows: (1) a false representation was made as a statement of fact; (2) it was untrue and known to be untrue by the person making it; (3) it was made to induce action by the other party; and (4)

the other party did so act upon the statement to [its] detriment." Bruce v. Home Depot, U.S.A., Inc., 308 F.Supp.2d 72, * 3(D. Conn. 2004).³

The elements for fraudulent misrepresentation must be pled with particularity pursuant to Rule 9(b) of the Federal Rules of Civil Procedure. Id. at * 4. "The Second Circuit has held that a Complaint alleging fraud must (1) specify the statements Plaintiff contends were fraudulent, (2) identify the speaker, (3) state when and where the statements were made, and (4) explain why the statements were fraudulent." Id. (*citing* Shields v. Citytrust Bancorp, Inc., 25 F.3d 1124, 1128 (2d Cir. 1994)).

In Bruce, the District of Connecticut dismissed the plaintiff's fraudulent misrepresentation claim where the plaintiff failed to allege "what statements were made, by whom they were made, or when and where." Bruce v. Home Depot, U.S.A., Inc., 308 F.Supp.2d 72, * 4. Additionally, the plaintiff in Bruce failed to allege "that the person making those statements knew them to be false and made them to induce Plaintiff to act, and that she did in fact act based upon these misrepresentations." Id.

As in Bruce, O'Keefe's proposed Count Seven for fraudulent misrepresentation does not allege what misrepresentations were made, by whom and to whom the alleged false statements were made, when the statements were allegedly made and where the statements were allegedly made. Even if there was any merit to O'Keefe's conclusory allegations -- which Theme Co-op Promotions vehemently denies -- they do not constitute the elements of fraud, nor do they contain a scintilla of the detailed facts necessary to meet the pleading requirements of Rule 9(b).

---

³ Publication page references are not available for this document. For the Court's convenience, page numbers are assigned in accordance with the Westlaw publication attached hereto as Exhibit A.

Therefore, because O'Keefe's proposed Count Seven for fraudulent misrepresentation fails to state a claim upon which relief may be granted, permitting the proposed amendment would be futile.

    2.    <u>O'Keefe's claim for fraud is a surreptitious claim for breach of contract</u>.

This court should not permit O'Keefe's blatant effort to disguise its breach of contract claim as a claim for fraud. A "garden-variety" breach of contract claim "cannot be bootstrapped" into a fraud action "in the absence of allegation of facts amounting scienter, intent to defraud, reckless disregard for the truth, or knowing use of a device, scheme or artifice to defraud." <u>Shemtob v. Shearson, Hammill & Co</u>., 448 F.2d 442, 445 (2d Cir. 1971)(affirming dismissal of plaintiff's amended fraud claim). Moreover, "while [a defendant's] conduct may have constituted a breach of fiduciary duty or a breach of contract, said conduct, without more, cannot be converted into a fraud claim." <u>Rocco v. Painewebber, Inc</u>., 739 F. Supp. 83, 85 (D. Conn. 1990)(citations omitted)(dismissing claim for fraudulent misrepresentation).

O'Keefe has simply taken its garden variety breach of contract claim and improperly sought to convert it into a tort claim, solely on the basis that it disagrees with the reasons Theme Co-op Promotions has asserted in refusing to pay. Even if there was any truth to O'Keefe's claims, it has still pled nothing more than breach of contract. It certainly hasn't pled a tort claim, nor has it remotely met the exacting pleading requirements of fraud. This thinly-veiled breach of contract claim would be dismissed if permitted to be alleged, and the proposed amendment is therefore futile.

### D. O'Keefe fails to plead a cognizable CUTPA claim, rendering the proposed amendment futile.

In its proposed Count Eight, O'Keefe purports to allege a violation of the Connecticut Unfair Trade Practices Act ("CUTPA"). As with its futile effort to convert its breach of contract claim into other tort counts, O'Keefe's attempt to transform this claim into a CUTPA violation also fails.

The District of Connecticut recently explained the pleading requirements necessary for alleging a violation of CUTPA in <u>Bruce v. Home Depot, U.S.A., Inc</u>. The Court in <u>Bruce</u> stated:

> CUTPA provides that '[n]o person shall engage in unfair methods of competition and unfair or deceptive acts or practices in the conduct of any trade or commerce." Conn. Gen.Stat. § 42-110b(a).
>
> Whether an alleged practice violates CUTPA is determined by the so-called "cigarette rule":
>
> (1) Whether the practice, without necessarily having been previously considered unlawful, offends public policy as it has been established by statutes, the common law, or otherwise--whether, in other words, it is within at least the penumbra of some common law, statutory, or other established concept of unfairness; (2) whether it is immoral, unethical, oppressive, or unscrupulous; (3) whether it causes injury to consumers [competitors or other businessmen].

<u>Bruce</u>, 308 F.Supp.2d at * 5 (internal citations omitted).

The District of Connecticut also recognized in <u>Bruce</u>, that '[t]he Connecticut courts have held that a simple breach of contract, even if intentional, does not amount to a violation of CUTPA. A plaintiff must show substantial aggravating circumstances to recover under [CUTPA]." <u>Id</u>. (citing, <u>Rizzo Const. Pool Co. v. Riefler</u>, No. 391537, 2003 WL 22962196, at *13 (Conn. Super. 2003); <u>Raffone v. Home Depot U.S.A., Inc</u>., No. CV020465471, 2003 WL 21675051 at *1 (Conn. Super. 2003); <u>Lunn v. Hussey</u>, No. CV010085525, 2003 WL 716298, at *2 (Conn.Super. 2003)).

Moreover, "[a] simple contract breach is not sufficient to establish a violation of CUTPA, where a count simply incorporates the reference to the breach of contract claim and does not set forth how or in what respect the defendant's activities are either immoral, unethical, unscrupulous, or offensive to public policy." Lunn , 2003 WL 716298, at *3 (granting motion to Strike CUTPA claim)(quoting, Bluezone Found. v. Paradise Prop., No. 555904 2001 Ct. Sup. 9892, 9894 (Conn. Super. 2001) (granting motion to Strike CUTPA claim).

O'Keefe fails to allege any substantial aggravating circumstances to recover under CUTPA. Instead O'Keefe simply incorporates by reference its original breach of contract claim [4] and in the most conclusory fashion purports to plead the "cigarette rule". *See* O'Keefe's Proposed Amended Complaint dated April 30, 2004 ¶¶ 73 and 74. These conclusory allegations are not supported by any alleged facts that come close to the "aggravating circumstances" required to plead a CUTPA claim.

Therefore, O'Keefe's purported CUTPA claim fails to state a claim upon which relief may be granted, and the proposed amended complaint is futile.

### E. O'Keefe's proposed prayer for relief, seeking the recovery of attorney's fees and punitive damages, would also be dismissed, rendering the proposed amendment futile.

Because O'Keefe cannot assert a cognizable claim that would entitle it to recover attorney's fees or punitive damages, its proposed request to amend its prayer for relief must be denied.

---

[4] As noted in the previous sections of this Memorandum, Plaintiff cannot plead viable claims of breach of the implied covenant of good faith and fair dealing and fraudulent misrepresentation. Therefore, Plaintiff's incorporation of these counts is devoid of meaning.

As demonstrated above, the proposed Count Three (breach of the implied covenant of good faith and fair dealing), Count Seven (fraudulent misrepresentation) and Count Eight (CUTPA) are fatally defective because O'Keefe has failed to plead cognizable claims. In cases dismissing such claims, courts logically also dismiss the accompanying prayers for relief. *See, e.g.*, Alavarez v. Fleet Nat'l Bank, No. CV 01 0450643, 2004 Ct. Sup. 5553, 5565-66 (Apr. 20, 2004)(internal citations and quotations omitted)(granting motion to strike portions of prayer for relief requesting attorneys fees where plaintiff failed to plead requisite intent necessary for fraud); Rees v. Flaherty, No. CV01 0077316, 2003 Ct. Sup. 1851 (Feb. 6, 2003)(striking CUTPA claim and accompanying prayer for attorneys fees); Burney v. Downer Funeral Home, No. CV99 0175648, 2001 Ct. Sup. 10885 (Aug. 13, 2001)(striking CUTPA claim and accompanying prayer for attorneys fees); Ryan v. Allstate Indem. Co., 1998 Conn. Super. LEXIS 2679 (J.D. of Stamford/Norwalk at Stamford, Sept. 21, 1998)(D'Andrea, J.)(in granting defendant's motion to strike claim for breach of the implied covenant of good faith and fair dealing, the court also struck the accompanying prayer for relief).

Similarly O'Keefe's proposed prayer for relief seeking the recovery of attorney's fees and punitive damages on the basis of these defective counts would also be dismissed, if alleged. Thus, the proposed amendments to the prayer for relief should be denied as futile.

## **CONCLUSION**

For the foregoing reasons, the Plaintiff's Motion for Leave to Amend Complaint should be denied.

                              **THE DEFENDANT,**
                              THEME CO-OP PROMOTIONS, INC.


                    By_____
                         David A. Ball, Esq.
                         Fed. Bar No. ct10154
                         Cohen and Wolf, P.C.
                         1115 Broad Street
                         Bridgeport, CT  06604
                         Tel. No. (203) 368-0211

**CERTIFICATION**

I hereby certify that on this 24th day of May, 2004, a copy of the foregoing Memorandum was mailed via First Class Mail, postage prepaid, to the following:

>Francis D. Burke, Esq.
>Mangines & Burke LLC
>1115 Main Street
>Suite 708
>Bridgeport, CT  06604

_____
David A. Ball, Esq.