FILED

UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

2004 MAY 27  P 12: 15

U.S. DISTRICT COURT
BRIDGEPORT, CONN

O'KEEFE & ASSOCIATES, INC.          :

     Plaintiff                               :

VS.                                                 :     CIVIL ACTION NO.
                                                          3:00CV00678 (SRU)
THEME CO-OP PROMOTIONS, INC.     :

     Defendant                             :     MAY  25, 2004

### MOTION TO COMPEL

Plaintiff, O'Keefe & Associates, Inc., respectfully moves to compel Defendant,

Theme Co-Op Promotions, Inc., to respond fully and completely to its Second and Third

Sets of Interrogatories and Production Requests, dated March 10, 2003 (Ex. 1) and

March 17, 2003 (Ex. 2) respectively.  Despite the fact that these requests have been

pending for well over a year, and Defendant has never asserted any objections, full

compliance has not been made, despite Plaintiff's repeated requests.

On April 22, 2004, Plaintiff received copies of documents purporting to be

responsive to Plaintiff's Second and Third Set of Requests for Production.  No

responses to Plaintiff's Interrogatories were included.  Thereafter, Plaintiff sent

correspondence dated April 29, 2004 to Defendant's counsel (Ex. 3).  Counsel for the

**ORAL ARGUMENT REQUESTED**
**TESTIMONY NOT REQUIRED**

parties have subsequently been unable to reach each other by telephone, but no supplemental responses have been received.

Plaintiff has been patiently awaiting responses to its discovery requests, but given the Court's endorsement order indicating that further enlargements of the discovery period are unlikely to be granted (Ex. 4), Plaintiff is afraid that it will be prejudiced by Defendant's tardy responses.

For the above reasons, Plaintiff moves that Defendant be compelled to fully and completely respond to its Second and Third Sets of Interrogatories and Production Requests forthwith, and that Plaintiff be allowed to pursue further discovery, if necessary, in light of Defendant's tardy responses.

THE PLAINTIFF

BY_____

Francis D. Burke
MANGINES & BURKE, LLC
1115 Main Street, Suite 708
Bridgeport, CT 06604
(203) 336-0887
Fed. Bar No. ct18688

## ORDER

The foregoing Motion, having been presented to this Court, is hereby Ordered GRANTED / Denied.

THE COURT

_____

JUDGE            /            Clerk

## CERTIFICATION

This is to certify that a copy of the foregoing has been sent, via U.S. Mail, postage prepaid, this _25th_ day of May 2004, to:

David A. Ball, Esq.
Cohen and Wolf, PC
1115 Broad Street
Bridgeport, CT  06604

_____

Francis D. Burke

EX 1

COPY

## UNITED STATES DISTRICT COURT
## DISTRICT OF CONNECTICUT

O'KEEFE & ASSOCIATES, INC.                    :

    Plaintiff                                 :

vs.                                           :     CIVIL ACTION NO.
                                                    3:00CV00678 (SRU)
THEME CO-OP PROMOTIONS, INC.                  :

    Defendant                                 :     MARCH    /0 , 2003

### PLAINTIFF'S SECOND SET OF INTERROGATORIES
### AND REQUESTS FOR PRODUCTION OF DOCUMENTS

The Plaintiff, O'Keefe & Associates, Inc., requests that the Defendant, Theme Co-Op Promotions, Inc., within 30 days after service hereof, answer the following Interrogatories and Requests For Production in writing and under oath pursuant to Rule 33 of the Federal Rules of Civil Procedure and Rule 9(d) of the Local Rules of the United States District Court for the District of Connecticut.  The Interrogatories and Requests For Production should be answered in accordance with the following definitions and rules of construction:

**DEFINITIONS**

(1)  *Communication.*  The term "communication" means the transmittal of information (in the form of facts, ideas, inquiries or otherwise).

(2)    *Document.*  The term "document" is defined to be synonymous in meaning and equal in scope to the usage of this term in Federal Rule of Civil Procedure 34(a).  A draft or non-identical copy is a separate document within the meaning of this term.

(3)    *Identify.  (With respect to persons).*  When referring to a person, "to identify" means to give, to the extent known, the person's full name, present or last known address, and when referring to a natural person, additionally, the present or last known place of employment.  Once a person has been identified in accordance with this paragraph, only the name of the person need be listed in response to subsequent discovery requesting the identification of that person.

(4)    *Identify.  (With respect to documents).*  When referring to documents, "to identify" means to give, to the extent known, the (i) type of document; (ii) general subject matter; (iii) date of document; and (iv) author(s), addressee(s) and recipient(s).

(5)    *Parties.*  The terms "defendant", "Theme Co-Op Promotions", "Theme" and "the company" as well as a pronoun referring to the Defendant mean not only the Defendant, but also its officers, agents and employees.

(6)    *Person.*  The term "person" is defined as any natural person or any business, legal or governmental entity or association.

(7)    *Concerning.*  The term "concerning" means relating to, referring to, describing, evidencing or constituting.

**RULES OF CONSTRUCTION**

(1)  *All/Each.*  The terms "all" and "each" shall be construed as all and each.

(2)  *And/Or.*  The connectives "and" and "or" shall be construed either disjunctively or conjunctively as necessary to bring within the scope of the interrogatory all responses that might otherwise be construed outside of its scope.

(3)  *Number.*  The use of the singular form of any word includes the plural and vice versa.

**INTERROGATORIES**

1.     Please identify the time period in which Defendant maintained an office in Wilton, CT.

2.     Please state how many employees Defendant employed on April 1, 1999.

3.     Please state how many employees were employed in sales positions on April 1, 1999.

4.    Please state how many employees were employed in marketing positions on April 1, 1999.

5.    Please identify all employees separated from employment with Defendant in April or May, 1999 by name, dated of hire, position held, date of separation and reason for separation.

6.    Please identify all employees whose compensation was reduced by Defendant in April or May 1999 by name and position held.

7.    Please identify the employment history of Chip Cohan by date(s) of hire, position(s) held with inclusive dates, date(s) of separation, and reason for separation.

8.    Please identify the employment history of Chuck Sjoberg by date(s) of hire, position(s) held with inclusive dates, date(s) of separation, and reason for separation.

9.    Please identify the date when Gerry Gersovitz met Sierra Long in Florida.

10.    Please state the dates in which Defendant provided services to Coca-Cola.

11.    Please state how Defendant came into possession of the document in which Todd Nonken indicated his dissatisfaction with his employment with Defendant (Bates #00583).

**PRODUCTION REQUESTS**

1.     Please produce the complete personnel files of Chip Cohan, Chuck Sjoberg and Janine Galveson.

2.     Please produce any and all documents concerning the company-wide restructuring which took place on or about April and May of 1999, including any notes, correspondence, memos, e-mail or other electronic communications.

3.     Please produce any and all contracts or agreements between Defendant and any employment agencies, recruiters and/or executive search firms from 1/1/90 to present.

THE PLAINTIFF

BY_____
        Francis D. Burke
        Mangines & Burke, LLC
        1115 Main Street, Suite 708
        Bridgeport, CT  06604
        (203) 336-0887
        Fed. Bar No. ct18688

## CERTIFICATION

This is to certify that a copy of the foregoing has been sent, via U.S. Mail, postage prepaid, this    10th    day of March 2003, to:

David A. Ball, Esq.
Cohen and Wolf, P.C.
1115 Broad Street
Bridgeport, CT  06604

Francis D. Burke

7

EX 2

UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

O'KEEFE & ASSOCIATES, INC.               :

     Plaintiff                               :

vs.                                      :     CIVIL ACTION NO.
                                               3:00CV00678 (SRU)
THEME CO-OP PROMOTIONS, INC.             :

     Defendant                            :     MARCH *17*, 2003

## PLAINTIFF'S THIRD SET OF INTERROGATORIES
## AND REQUESTS FOR PRODUCTION OF DOCUMENTS

The Plaintiff, O'Keefe & Associates, Inc., requests that the Defendant, Theme Co-Op Promotions, Inc., within 30 days after service hereof, answer the following Interrogatories and Requests For Production in writing and under oath pursuant to Rule 33 of the Federal Rules of Civil Procedure and Rule 9(d) of the Local Rules of the United States District Court for the District of Connecticut. The Interrogatories and Requests For Production should be answered in accordance with the following definitions and rules of construction:

## DEFINITIONS

(1)  *Communication.*  The term "communication" means the transmittal of information (in the form of facts, ideas, inquiries or otherwise).

(2)    *Document.*  The term "document" is defined to be synonymous in meaning and equal in scope to the usage of this term in Federal Rule of Civil Procedure 34(a).  A draft or non-identical copy is a separate document within the meaning of this term.

(3)    *Identify.  (With respect to persons).*  When referring to a person, "to identify" means to give, to the extent known, the person's full name, present or last known address, and when referring to a natural person, additionally, the present or last known place of employment.  Once a person has been identified in accordance with this paragraph, only the name of the person need be listed in response to subsequent discovery requesting the identification of that person.

(4)    *Identify.  (With respect to documents).*  When referring to documents, "to identify" means to give, to the extent known, the (i) type of document; (ii) general subject matter; (iii) date of document; and (iv) author(s), addressee(s) and recipient(s).

(5)    *Parties.*  The terms "defendant", "Theme Co-Op Promotions", "Theme" and "the company" as well as a pronoun referring to the Defendant mean not only the Defendant, but also its officers, agents and employees.

(6)    *Person.*  The term "person" is defined as any natural person or any business, legal or governmental entity or association.

(7)    *Concerning.*  The term "concerning" means relating to, referring to, describing, evidencing or constituting.

## RULES OF CONSTRUCTION

(1)  *All/Each.*  The terms "all" and "each" shall be construed as all and each.

(2)  *And/Or.*  The connectives "and" and "or" shall be construed either disjunctively or conjunctively as necessary to bring within the scope of the interrogatory all responses that might otherwise be construed outside of its scope.

(3)  *Number.*  The use of the singular form of any word includes the plural and vice versa.

## INTERROGATORIES

1.     Please state how Defendant first became acquainted with Steven Regan.

2.     Please state the basis for Defendant's contention that Steven Regan was not presented by O'Keefe & Associates.  (See Request for Admission no. 12.)

3.     Please identify each and every candidate presented by O'Keefe and Associates which Defendant claims O'Keefe

        a.     failed to test;

3

   b. failed to interview;

   c. failed to conduct reference checks;

   d. failed to properly verify employment information.

4. Please state whether Johnson and Company was paid a fee with regard to the placement of Kevin Mulrain and, if so, identify the

   a. amount of the fee; and

   b. basis for the fee.

5. Please state the basis for Defendant's claim in its Third Affirmative Defense that "Plaintiff's claims are barred by accord and satisfaction."

6.     Please identify each individual who Defendant intends to call as a witness or potential witness in this action, and provide a brief description of the scope of their expected testimony.

7.     Please identify any tests given to candidates for employment with TCP from 1/95 to present and briefly describe the nature and purpose of the test, and identify any candidates so tested.

8.     Please state whether TCP has provided a 401K or similar retirement plan for its employees and, if so, identify the date(s) the plan(s) was implemented, which employees were eligible to participate, eligibility requirements and company contributions, if any.

9.    Please state the basis for your belief that TCP would be due a refund for some or all of the fees paid by its to Plaintiff in connection with the placement of Sienna Long.

10.    Please identify any candidate presented by O'Keefe and Associates and hired by TCP who Defendant claims was not a qualified candidate, and provide a brief summary of why said candidates were not qualified.

## PRODUCTION REQUESTS

1.    Please produce any and all documents concerning O'Keefe and Associates, including, but not limited to any correspondence, notes, memos, contracts, agreements, proposals, invoices, bills, receipts, record of payment, position descriptions and candidate appraisals.  Please include any and all drafts or revisions of the above documents, as well as any attachments.

2.    Please produce any and all documents concerning or referred to by you in responding to Interrogatory No. 4.

6

3.    Please produce any and all documents concerning your claims and/or defenses in this action.

4.    Please produce any and all copies of any tests administered by TCP to candidates for employment from 1/1/95 to present.

THE PLAINTIFF

BY _____

Francis D. Burke
Mangines & Burke, LLC
1115 Main Street, Suite 708
Bridgeport, CT  06604
(203) 336-0887
Fed. Bar No. ct18688

## CERTIFICATION

This is to certify that a copy of the foregoing has been sent, via U.S. Mail, postage prepaid, this _/7th_ day of March 2003, to:

David A. Ball, Esq.
Cohen and Wolf, P.C.
1115 Broad Street
Bridgeport, CT  06604

_____
Francis D. Burke

7

EX 3

# MANGINES & BURKE, LLC
### ATTORNEYS AT LAW

THOMAS E. MANGINES
FRANCIS D. BURKE

MARY L. FEARNLEY
LEGAL ASSISTANT

1115 MAIN STREET
SUITE 708
BRIDGEPORT, CT 06604
(203) 336-0887
FAX (203) 368-0663

Via Fax @ (203) 576-8504 / US Mail

April 29, 2004

David A. Ball, Esq.
Cohen and Wolf, PC
1115 Broad Street
Bridgeport, CT  06604

Re:    **O'Keefe & Associates vs. Theme Co-Op Promotions**

Dear David:

I am in receipt of your correspondence dated April 21, 2004 along with documents responsive to my second and third discovery requests.  While I appreciate the documents supplied, I am obviously still waiting for responses to our Interrogatories.  I would also ask that you review the following:

Second Production Requests

No. 1:  No documents were provided concerning Jeanine Galveson.

No. 2:  No documents were provided.

Third Production Requests

No documents were produced in response to Request Nos. 3 and 4.

No. 1:  Bate Stamp #1997 was too dark for me to read.  Similarly, #2354 contains a handwritten note which is illegible.  Could you try to get better copies and/or allow me to review the original?

It would appear from the documents you produced that both Chip Cohan and Chuck Sjoberg are still employed by TCP.  Please confirm this as I was

MANGINES & BURKE, LLC

David A. Ball, Esq.
April 29, 2004
Page Two

previously led to believe otherwise.  Please contact me concerning deposition dates for Cohan and Sjoberg.

Also, I would ask that you review and supplement your earlier responses to our discovery requests, particularly with regard to personnel file information of individuals who continued employment with TCP past the date of your earlier production.  If possible, I would like to quickly ascertain who is still employed by TCP and who has left, when and why.

Finally, I assume at this point you have produced any and all documents which you may rely on or introduce into evidence at trial.  If this is not the case, please advise.  I will vigorously oppose ay attempt on your part to introduce or rely on documents not previously produced.

Given the current discovery deadline, your prompt reply is appreciated.

Very truly yours,

MANGINES & BURKE, LLC

Francis D. Burke

FDB:mlf
Enclosures

# MANGINES & BURKE, LLC
## ATTORNEYS AT LAW
1115 MAIN STREET, SUITE 708
BRIDGEPORT, CT 06604
TEL. (203) 336-0887
FAX. (203) 368-0663

# FACSIMILE MESSAGE COVER PAGE

DATE:      April 28, 2004

TO:        David Ball, Esq.

FAX
NUMBER:    (203) 576-8504

FROM:      Francis D. Burke, Esq.

RE:        O'Keefe & Associates vs. Theme Co-Op Promotions

### NO. OF PAGES INCLUDING COVER:

ORIGINAL TO FOLLOW BY:

    Regular Mail   X      Certified Mail _____      UPS Next Day _____

************************************************************************************

## MESSAGE:

************************************************************************************
CONFIDENTIALITY NOTE:

THE INFORMATION CONTAINED IN THIS TELEFACSIMILE IS CONFIDENTIAL AND PRIVILEGED, AND IS INTENDED ONLY FOR THE USE OF THE NAMED RECEIVER. IF YOU ARE NOT THE NAMED RECEIVER, OR THE PERSON RESPONSIBLE FOR DELIVERING THIS TELEFACSIMILE TO THE NAMED RECEIVER, YOU ARE HEREBY NOTIFIED THAT ANY USE OF THIS TELEFACSIMILE, OR ITS CONTENTS, INCLUDING ANY DISSEMINATION OR COPYING, IS STRICTLY PROHIBITED. IF YOU HAVE RECEIVED THIS FACSIMILE IN ERROR, PLEASE NOTIFY MANGINES & BURKE, LLC IMMEDIATELY BY TELEPHONE AT (203) 336-0887, AND RETURN THE ORIGINAL TO US AT THE ABOVE ADDRESS, VIA MAIL. WE WILL REIMBURSE YOUR TELEPHONE AND POSTAGE EXPENSES. THANK YOU.

HP Fax Series 900
Plain Paper Fax/Copier

Fax History Report for
MANGINES & BURKE LLC
203 368-0663
Apr 29 2004 5:10pm

Last Fax

| Date | Time | Type | Identification | Duration | Pages | Result |
|------|------|------|----------------|----------|-------|--------|
| Apr 29 | 5:08pm | Sent | 5768504 | 1:02 | 3 | OK |

Result:
   OK - black and white fax

EX 4

52/3

RECEIVED 4/10/04

**FILED**

## UNITED STATES DISTRICT COURT
## DISTRICT OF CONNECTICUT

2004 MAR 31 P 12: 12

U.S. DISTRICT COURT
BRIDGEPORT, CONN

O'KEEFE & ASSOCIATES, INC.            :

     Plaintiff                             :

VS.                                   :            CIVIL ACTION NO.
                                                   3:00CV00678 (SRU)
THEME CO-OP PROMOTIONS, INC.          :

     Defendant                             :            MARCH  27 , 2004

FILED 2004 APR -6
U.S. DISTRICT COURT
BRIDGEPORT, OHH

### MOTION FOR ENLARGEMENT OF TIME OF
### DISCOVERY AND OTHER DEADLINES

    Plaintiff files this Motion for Enlargement of Time for 60 days, up to and including

May 30, 2004, of the discovery and other deadlines.  In support of this motion, Plaintiff cites

the following:

    1.    Counsel needs this additional time in order to complete written discovery as

well as taking the depositions of out of state witnesses.

    2.    Plaintiff's counsel has contacted Defendant's counsel who represents that he

o objection to this motion.

    3.    This is the fifth request for an enlargement of time regarding this time limit.

Motion Granted. No further extensions are likely to be granted.
Discovery cutoff date May 30, 2004
Dispositive Motions due by June 30, 2004
SO ORDERED
4/6/04
Stefan R. Underhill, U.S.D.J.

1