UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

O'KEEFE & ASSOCIATES, INC.

   Plaintiffs,

v.

THEME CO-OP PROMOTIONS, INC.

   Defendants.

Civil Action No.
3:00-CV-678 (SRU)

MAY 26, 2004

### DEFENDANT'S RESPONSES TO PLAINTIFF'S THIRD SET OF INTERROGATORIES

1. Please state how Defendant first became acquainted with Steven Regan.

**Response:** Chip Cohan and Jeannine Salveson were acquainted with Mr. Regan from having worked together prior to their employment at Defendant. Ms. Salveson informed Defendant that Mr. Regan might be interested in a new position. Defendant then presented Mr. Regan to O'Keefe.

2. Please state the basis for Defendant's contention that Steven Regan was not presented by O'Keefe & Associates. (See Request for Admission no. 12.)

**Response:** See, response to Interrogatory No. 1.

3. Please identify each and every candidate presented by O'Keefe and Associates which Defendant claims O'Keefe

**Response:** In responding to this interrogatory, Defendant will assume the candidates at issue are the ten employees who are the subject of the complaint, Cooke, Regan, Sandwick, Mulrain, Rogers, Rice, Hudson, Banez, Long, and Nonken. In responding, Defendant does not concede that all of these employees were presented by O'Keefe and Associates to Defendant, and in no way intends to waive any such argument.

    a.    failed to test;

**Response:**    Mulrain, Hudson, Rogers and Long.

    b.    failed to interview;

**Response:**    Defendant presumes all employees were interviewed.

    c.    failed to conduct reference checks;

**Response:**    Evidence of reference checks has only been provided for Rogers, Hudson and Long. It appears that Plaintiff failed to conduct reference checks for Cooke, Regan, Sandwick, Mulrain, Rice, Banez, and Nonken.

    d.    failed to properly verify employment information.

**Response:**    Cooke, Regan, Sandwick, Mulrain, Rogers, Rice, Hudson, Banez, Long, and Nonken.

4.    Please state whether Johnson and Company was paid a fee with regard to the placement of Kevin Mulrain and, if so, identify the

    a.    amount of the fee; and

**Response:**    $20,000.

    b.    basis for the fee.

**Response:**    Defendant paid this fee to Johnson and Company because Johnson and Company recruited Mulrain for employment with the Defendant on or about January 30, 2000.

5.  Please state the basis for Defendant's claim in its Third Affirmative Defense that "Plaintiffs claims are barred by accord and satisfaction."

    **Response:**  Plaintiff's acceptance and negotiation of checks paid by Defendant to Plaintiff, in connection with the parties' contracts, operates as an accord and satisfaction as to the claims asserted by Plaintiff in this action.

6.  Please identify each individual who Defendant intends to call as a witness or potential witness in this action, and provide a brief description of the scope of their expected testimony.

    **Response:**  Defendant has not yet identified who it intends to call as a witness or potential witness in this action. Defendant will provide this information when determined and in accordance with any pretrial orders of this Court.

7.  Please identify any tests given to candidates for employment with TCP from 1/95 to present and briefly describe the nature and purpose of the test, and identify any candidates so tested.

    **Response:**  Defendant does not test candidates for sales, field communications or management or supervisory positions.

8.  Please state whether TCP has provided a 401K or similar retirement plan for its employees and, if so, identify the date(s) the plan(s) was implemented, which employees were eligible to participate, eligibility requirements and company contributions, if any.

    **Response:**  Defendant implemented a Profit Sharing Plan in 1991. This was modified to a 401(k) Profit Sharing Plan effective January 1, 1999. All employees working at least 1,000 hours become eligible after having been employed by Defendant for one year. Upon eligibility, employees may enter the plan on January 1 or July 1 of a given year, depending on when their one year anniversary date falls. The Defendant contributes a Safe Harbor Constitution of 3% of an employee's compensation, up to federal limits.

9.    Please state the basis for your belief that TCP would be due a refund for some or all of the fees paid by it to Plaintiff in connection with the placement of Sienna Long.

**Response:**    Defendant is due a refund for the fees that it paid to Plaintiff in connection with Siena Long because Plaintiff did not present Ms. Long to Defendant. Further, Plaintiff failed to present an acceptable number of candidates for the position for which Ms. Long was hired. Further, in the case of Ms. Long, Plaintiff failed to develop position specifications describing the basic duties and responsibilities of the applicable position, failed to search the field to locate executives with qualifications closely matching the specifications, failed to interview the most qualified candidates to obtain a comprehensive understanding of their accomplishments and potential for this position, and failed to present the most qualified candidates to Theme for evaluation. Further, Long was not interviewed by Plaintiff for the position for which she was ultimately hired. Plaintiff also failed to test Ms. Long.

10.    Please identify any candidate presented by O'Keefe and Associates and hired by TCP who Defendant claims was not a qualified candidate, and provide a brief summary of why said candidates were not qualified.

**Response:**

In responding to this interrogatory, Defendant will assume the candidates at issue are the ten employees who are the subject of the complaint, Cooke, Regan, Sandwick, Mulrain, Rogers, Rice, Hudson, Banez, Long, and Nonken. In responding, Defendant does not concede that all of these employees were presented by O'Keefe and Associates to Defendant, and in no way intends to waive any such argument.

Rob Cooke was not qualified. Although Plaintiff tested Cooke and the testing revealed negative results, Plaintiff concealed this information from Defendant. Cooke failed to generate adequate sales for Theme and generally lacked the patience or perseverance for a long selling cycle. Cooke failed to engender trust among co-workers, clients or prospective clients. Because Plaintiff did not check references for Cooke, nor verify his employment history, Cooke's prior work history may also have revealed that he was not a qualified candidate.

Steven Regan was not qualified. Although Plaintiff tested Regan and the testing revealed negative results, Plaintiff concealed this information from Defendant. Regan lacked the patience or perseverance for a long selling cycle. He did not display energy, enthusiasm or persuasive abilities. Because Plaintiff did not check references for Regan, nor verify his employment history, Regan's prior work history may also have revealed that he was not a qualified candidate.

John Sandwick was not qualified. Although Plaintiff tested Sandwick and the testing revealed negative results, Plaintiff concealed this information from Defendant. After initially performing moderately well, Sandwick proved not to be a strategic thinker, and lacked attention to detail. Because Plaintiff did not check references for Sandwick, nor verify his employment history, Sandwick's prior work history may also have revealed that he was not a qualified candidate.

Kevin Mulrain was not hired as a result of Plaintiff's efforts. Johnson and Company recruited Mulrain for employment with the Defendant on or about January 30, 2000. In any event, Plaintiff did not interview Mulrain, conduct reference checks, conduct testing, or verify his employment history.

Cary Rogers. Because Plaintiff did not verify his employment history, Rogers' prior work history may also have revealed that he was not a qualified candidate. Further, because Plaintiff did not conduct testing of Rogers, the testing results may also have revealed that he was not a qualified candidate.

Lorri Rice. Although Rice is a good performer, because Plaintiff did not check references for Rice, nor verify her employment history, Rice's prior work history may have revealed that she was not a qualified candidate.

Crystal Hudson. Because Plaintiff did not verify Hudson's employment history, her prior work history may have revealed that she was not a qualified candidate. Further, because Plaintiff did not conduct testing of Hudson, the testing results may also have revealed that she was not a qualified candidate.

Rick Banez. Although Banez was a good performer, because Plaintiff did not check references for Banez, nor verify his employment history, Banez's prior work history may have revealed that he was not a qualified candidate. Further, although Plaintiff tested Banez and the testing revealed at least one negative result, Plaintiff concealed this information from Defendant.

Siena Long was not qualified. Long was unable to build effective working relationships. She was not a team player, did not take direction well, was not willing to learn from others, failed to work effectively with subordinates, and never took the time to understand the Theme selling process or the field communications function. Long failed to follow company policies and administrative procedures and did not adequately adhere to priorities. Long was error prone and performed negligently. Because Plaintiff did not verify Long's employment history, her prior work history may also have revealed that she was not a qualified candidate. Further, because Plaintiff did not conduct testing of Long, the testing results may also have revealed that she was not a qualified candidate. Further, Long was not interviewed by Plaintiff for the position for which she was ultimately hired.

Todd Nonken was not qualified. Although Plaintiff tested Nonken and the testing revealed negative results, Plaintiff concealed this information from Defendant. Nonken was not committed to Theme, was not qualified for the position for which he had been hired, and was reluctant to put in any extra effort or hours. Because Plaintiff did not check references for Nonken, nor verify his employment history, Nonken's prior work history may also have revealed that he was not a qualified candidate.

**THE DEFENDANT and
COUNTERCLAIM-PLAINTIFF,**
THEME CO-OP PROMOTIONS, INC.

By _/s/ David A. Ball_
David A. Ball, Esq.
Fed. Bar No. ct10154
Cohen and Wolf, P.C.
1115 Broad Street
Bridgeport, CT 06604
Tel. No. (203) 368-0211
Facsimile No. (203) 576-8504
E-Mail: dball@cohenandwolf.com

STATE OF California
COUNTY OF San Francisco

## VERIFICATION

I hereby affirm that the foregoing responses are true and correct to the best of my knowledge and belief.

_____
Gerry Gersovitz

Subscribed and sworn to before me this 25th day of May, 2004.

_____
Notary Public
My Commission Expires: 6/27/07

IVAN RESNIKOFF
Commission # 1427066
Notary Public - California
San Francisco County
My Comm. Expires Jun 27, 2007

## **CERTIFICATION**

I hereby certify that on this 26th day of May, 2004, a copy of the foregoing was mailed via first class mail, postage prepaid, to the following:

> Francis D. Burke, Esq.
> Mangines & Burke, LLC
> 1115 Main Street
> Suite 708
> Bridgeport, CT 06604

_____
David A. Ball, Esq.