**UNITED STATES DISTRICT COURT**
**DISTRICT OF CONNECTICUT**

O'KEEFE & ASSOCIATES, INC.

        Plaintiff,

v.

THEME CO-OP PROMOTIONS, INC.

        Defendant.

Civil Action No.
3:00-CV-678 (SRU)

SEPTEMBER 27, 2004

**MEMORANDUM IN SUPPORT OF DEFENDANT'S MOTION TO DISMISS**

**I.**    **PRELIMINARY STATEMENT**

On April 30, 2004, the plaintiff O'Keefe & Associates, Inc. ("O'Keefe" or "Plaintiff") submitted a motion to amend its complaint to include claims alleging breach of the implied covenant of good faith and fair dealing (Count Three), fraudulent misrepresentation (Count Seven), and violation of the Connecticut Unfair Trade Practices Act ("CUTPA") (Count Eight) in a futile attempt to recover attorney's fees from the defendant Theme Co-op Promotions, Inc. ("Theme Co-op Promotions").  On May 24, 2004, the Defendants filed a memorandum in opposition to the Plaintiff's motion to amend its complaint ("Opposition Papers").  On August 20, 2004, this court issued an order granting O'Keefe's Motion to Amend/Correct Complaint, but expressly permitting the Defendants to restate their arguments regarding the futility of O'Keefe's amended claims in this dispositive motion.

Accordingly, the arguments herein supporting Theme Co-op Promotions' Motion to Dismiss O'Keefe's Amended Complaint, are in substance the same arguments Theme Co-op Promotions asserted in its Opposition Papers, and which have not yet been addressed by this Court.[1]  First, because O'Keefe does not allege any facts supporting the requisite allegations of bad faith, O'Keefe's repeated attempt to plead a claim for breach of the implied covenant of good faith and fair dealing fails.  O'Keefe's prior effort to assert this claim was rejected by this Court for the same reason, and O'Keefe has pled nothing new to suddenly create a valid claim of bad faith.  Because of this pleading deficiency, and because the claim is merely a disguised breach of contract claim, O'Keefe's claim for breach of the implied covenant of good faith and fair dealing fails to state a claim upon which relief may be granted.  Therefore, dismissal of this claim is proper.

Second, dismissal of O'Keefe's count purporting to allege fraudulen t misrepresentation is similarly warranted because O'Keefe fails to plead this count with the requisite particularity to meet the Rule 9(b) standard set forth in the Federal Rules of Civil Procedure.  Moreover, because this count is merely a disguised breach of contract claim, it cannot be the basis for claims of

---

[1]  Rule 15(a) of the Federal Rules of Civil Procedure permits a court to exercise its discretion and deny proposed amendments to a complaint based upon the futility of the amendment. Coleman v. Aztec Lighting, 2004 WL 213031 *2 (D.Conn. 2004)(denying motion for leave to amend complaint on the grounds the amendment is futile) (quoting Foman v. Davis, 371 U.S. 178, 182 (1962)). An amendment is considered futile where 'the complaint as amended would fail to withstand a motion to dismiss for failure to state a claim." Coleman, 2004 WL 213031 *2  (internal citations and quotations omitted).  'It is appropriate to deny a motion for leave to amend based on futility where 'it is beyond doubt that the plaintiff can prove no set of facts in support of [its] amended claims." Id. (quoting, Pangburn v. Culbertson, 200 F.3d 65, 70-71 (2d. Cir. 1999)(internal citations and quotation marks omitted).
   Hence, the arguments under this motion to dismiss are the same in substance as those found in Defendant's previous motion in opposition to the plaintiff's motion to amend the complaint, which this Court has yet to adjudicate.

fraud. Hence, O'Keefe's claim for fraudulent misrepresentation fails to state a claim upon which relief may be granted.

Third, O'Keefe's CUTPA claim similarly fails to allege any aggravating circumstances beyond a mere breach of contract; thus this count is fatally flawed. Finally, because O'Keefe's prayer for attorney's fees and punitive damages flows from these defective counts, the request for this relief must also be dismissed.

## II. ARGUMENT

### A. The Standard of Review.

The District of Connecticut restated the motion to dismiss standard in <u>Bruce v. Home Depot, U.S.A., Inc</u>., 2004 WL 513730 (D. Conn. 2004):[2]

> The function of a motion to dismiss under Rule 12(b)(6), Fed.R.Civ.P., is to assess the legal sufficiency of the complaint…Thus, '[t]he issue is not whether a plaintiff will ultimately prevail but whether the claimant is entitled to offer evidence to support the claims…
>
> A motion to dismiss should not be granted for failure to state a claim unless is appears beyond doubt, even when the complaint is liberally construed, that the plaintiff can prove no set of facts that would entitle him or her to relief…In ruling on a motion to dismiss, the Court is limited to the facts set forth in the complaint, any documents attached thereto or incorporated by reference, and matters of which the Court may take judicial notice. <u>Id</u>. at *1. (internal citations and quotation marks omitted).

Further, because jurisdiction is based upon diversity, the law of Connecticut – the forum state – defines the elements of the state causes of action while federal law governs the procedural pleading requirements. <u>Id</u>. at * 2 (utilizing Connecticut law to define elements of fraudulent

---

[2] Copies of all unreported cases are attached hereto as Exhibit A.

3

misrepresentation and federal law to find plaintiff did not plead fraudulent misrepresentation claim with the requisite degree of particularity under Fed.R.Civ.P. 9(b)); *See also* <u>Martin v. American Equity Ins. Co</u>., 185 F. Supp.2d 162, 164 (D. Conn. 2002)(internal citations and quotations omitted)(emphasis added)(utilizing Connecticut law to define the elements of breach of the implied covenant of good faith and fair dealing).

    **B.**    **O'Keefe fails to plead a cognizable claim for breach of the implied covenant of good faith and fair dealing.**

O'Keefe's claim for breach of the implied covenant of good faith and fair dealing (Count Three) should be dismissed because O'Keefe simply re-states its initial claim for breach of contract and does not allege any facts rising to the level of bad faith. Hence, dismissal is appropriate because O'Keefe fails to state a claim upon which relief may be granted.

A party asserting breach of the implied covenant of good faith and fair dealing must plead and prove something more than a mere breach of contract.

> To prove a claim for bad faith under Connecticut law, the plaintiff is required to prove that the defendant[] engaged in conduct designed to mislead or to deceive… or a neglect or refusal to fulfill some duty or some contractual obligation not prompted by an honest mistake as to one's rights or duties . . . *Bad faith is not simply bad judgment or negligence, but rather it implies the conscious doing of a wrong because of dishonest purpose or moral obliquity… It contemplates a state of mind affirmatively operating with furtive design or ill will. Under Connecticut law, a bad faith claim must be alleged in terms of wanton and malicious injury, evil motive and violence . . . .*" <u>Martin v. American Equity Ins. Co</u>., 185 F. Supp.2d 162, 164 (D. Conn. 2002)(internal citations and quotations omitted)(emphasis added).

Moreover, neglect or refusal to fulfill a contractual obligation does not rise to the level of bad faith unless it is prompted by an interested or sinister motive. <u>Gibbons v. NER Holdings,</u>

4

Inc., 983 F. Supp. 310, 319 (D. Conn. 1997); Feinberg v. Berglewicz, 32 Conn. App. 857, 862 (1993)(same)(citing Habetz v. Condon, 224 Conn. 231, 238 (1992)); Joseph Cohn & Son, Inc. v. Barclay White Skanska, Inc., 2002 WL 1295617 * 1 (Conn. Super. 2002)(same)(quoting Feinberg); Pine Creek Partners, LLC v. Joseph L. Seaman, 2000 WL 33115388 *2 (Conn. Super. 2000)(same))(quoting Feinberg).

  Therefore, simply breaching a contract does not give rise to a claim for breach of the implied covenant of good faith and fair dealing. In Pine Creek Partners, LLC v. Joseph L. Seaman, the trial court struck plaintiff homeowner's claim for breach of the implied covenant of good faith and fair dealing against defendant excavator who allegedly failed to complete the excavation, paving and additional work pursuant to the terms of their contract. Pine Creek Partners, LLC v. Joseph L. Seaman, 2000 WL 33115388 * 1, 3 (Conn. Super. 2000).

  In pleading a claim for breach of the implied covenant of good faith and fair dealing, plaintiff asserted a general allegation that the defendant acted willfully, wantonly, outrageously and maliciously in breaching the contract. Id. at *2. The court held that this allegation coupled with plaintiff's other allegations that it "…entered into a contract with the defendants, the defendants partially performed the work, the plaintiff made progress payments to the defendants for their work, the plaintiff demanded that the defendants complete their contractual obligations, but the defendants failed, neglected and refused to do so…and that the payments made to the defendants exceeded the value of the work that they performed and that the defendants retained payments for work that they have not completed," were 'insufficient to support a claim for breach of the implied covenant of good faith and fair dealing." Id. at *3.

5

The Pine Creek court based its decision to strike the count for breach of the implied covenant of good faith and fair dealing on the plaintiff's failure to allege "the facts to show that the defendants' actions in breaching the contract were done with a dishonest purpose or sinister motive." Id. at * 3.

Similarly, in Joseph Cohn & Son, Inc. v. Barclay White Skanska, Inc, the court granted a motion to strike a claim for breach of the implied covenant of good faith and fair dealing where the plaintiff simply alleged "garden variety breach of contract claims" and the "plaintiff ha[d] not alleged any facts, as opposed to unsubstantiated conclusions, which show[ed] that the defendant was acting in bad faith." Joseph Cohn & Son, Inc., 2002 WL 1295617 *2.

In an attempt fit a square peg of a contract claim into the round hole of a tort claim, O'Keefe does not proffer any allegations of bad faith and, failing to learn from its past missteps, simply ignores the pleading requirements for this cause of action.[3] Plaintiff's amended count for breach of the implied covenant of good faith and fair dealing directly contravenes the rule that "neglect or refusal to fulfill a contractual obligation" does not rise to the level of bad faith unless it is "prompted by an interested or sinister motive." O'Keefe merely asserts in its amended complaint that Theme Co-op Promotions, "willfully and knowingly refused to pay O'Keefe for

---

[3] As Theme Co-op Promotions successfully illustrated in its original motion to dismiss O'Keefe's initial claim for breach of the implied covenant of good faith and fair dealing, O'Keefe consistently ignores the pleading requirements for this cause of action. On January 16, 2001, utilizing the same rationale that O'Keefe cannot simply boot-strap a breach of contract claim into a claim for breach of the implied covenant of good faith and fair dealing, Theme Co-op Promotions moved to dismiss O'Keefe's initial claim. On June 4, 2001, this Court dismissed O'Keefe's claim without prejudice.

services rendered and due and owing under the parties' agreement" and "knowingly asserted false and unsupported objections and excuses in order to avoid paying O'Keefe what was rightfully due under the parties' agreements." *See* O'Keefe's Amended Complaint ¶¶ 37 – 38. These allegations, even if true, do not come close to the standard of pleading bad faith. Rather, O'Keefe has simply restated that Theme Co-op Promotions allegedly breached an agreement.

Furthermore, there are no allegations of "w*anton and malicious injury, evil motive and violenc*e," in this amended count. Instead, O'Keefe simply asserts conclusory accusations that Theme Co-op Promotions allegedly refused to pay on the basis of false grounds. *See* O'Keefe's Amended Complaint ¶¶ 39-44. If O'Keefe is correct and proves these claims, it will have proven breach of contract and nothing more.

On June 4, 2001, this Court dismissed O'Keefe's initial attempt to plead a claim for breach of the implied covenant of good faith and fair dealing because O'Keefe failed to plead bad faith. There are absolutely no new facts asserted in the amended complaint that resuscitate this claim. Therefore, because O'Keefe's amended Count Three fails to state a claim upon which relief could be granted, dismissal of its claim for breach of the implied covenant of good faith and fair dealing is proper.

### C. O'Keefe fails to plead a viable claim of fraudulent misrepresentation, thus dismissal is proper.

Because O'Keefe does not allege any of the elements of fraud, nor can it assert the particularized facts necessary to sustain a fraud claim, O'Keefe's claim of fraudulent misrepresentation (Count Seven) fails as a matter of law. Instead, O'Keefe's claim for fraudulent misrepresentation is simply another futile attempt to bootstrap its breach of contract claim into a fraud claim in an effort to find a way to recover its attorney's fees. Hence because O'Keefe fails to state a claim upon which relief may be granted, dismissal is justified.

1. <u>O'Keefe fails to plead fraudulent misrepresentation with particularity</u>.

O'Keefe neglects to plead the elements of fraudulent misrepresentation with particularity, and therefore has failed to comply with the mandates of Rule 9(b) of the Federal Rules of Civil Procedure and the stringent pleading requirements in this District.

"Under Connecticut law, the elements of a claim for fraudulent representation are as follows: (1) a false representation was made as a statement of fact; (2) it was untrue and known to be untrue by the person making it; (3) it was made to induce action by the other party; and (4) the other party did so act upon the statement to [its] detriment." <u>Bruce v. Home Depot, U.S.A., Inc.</u>, 2004 WL 513730 * 3 (D. Conn. 2004).[4]

The elements for fraudulent misrepresentation must be pled with particularity pursuant to Rule 9(b) of the Federal Rules of Civil Procedure. <u>Id</u>. at * 4. "The Second Circuit has held that a Complaint alleging fraud must (1) specify the statements Plaintiff contends were fraudulent, (2)

---

[4] Publication page references are not available for this document. For the Court's convenience, page numbers are assigned in accordance with the Westlaw publication attached hereto as Exhibit A.

identify the speaker, (3) state when and where the statements were made, and (4) explain why the statements were fraudulent." Id. (*citing* Shields v. Citytrust Bancorp, Inc., 25 F.3d 1124, 1128 (2d Cir. 1994)).

In Bruce, the District of Connecticut dismissed the plaintiff's fraudulent misrepresentation claim where the plaintiff failed to allege 'what statements were made, by whom they were made, or when and where." Bruce v. Home Depot, U.S.A., Inc., 2004 WL 513730 * 4 (D. Conn. 2004). Additionally, the plaintiff in Bruce failed to allege 'that the person making those statements knew them to be false and made them to induce Plaintiff to act, and that she did in fact act based upon these misrepresentations." Id.

As in Bruce, O'Keefe's amended Count Seven for fraudulent misrepresentation does not allege what misrepresentations were made, by whom and to whom the alleged false statements were made, when the statements were allegedly made and where the statements were allegedly made. Even if there was any merit to O'Keefe's conclusory allegations -- which Theme Co-op Promotions vehemently denies -- they do not constitute the elements of fraud, nor do they contain a scintilla of the detailed facts necessary to meet the pleading requirements of Rule 9(b).

Accordingly, as in Bruce, O'Keefe's amended Count Seven for fraudulent misrepresentation fails to state a claim upon which relief may be granted, and dismissal is appropriate.

   2.  O'Keefe's claim for fraud is a surreptitious claim for breach of contract.

This court should not permit O'Keefe's blatant effort to disguise its breach of contract claim as a claim for fraud. A "garden-variety" breach of contract claim "cannot be

bootstrapped" into a fraud action 'in the absence of allegation[s] of facts amounting scienter, intent to defraud, reckless disregard for the truth, or knowing use of a device, scheme or artifice to defraud." Shemtob v. Shearson, Hammill & Co., 448 F.2d 442, 445 (2d Cir. 1971)(citations omitted)(affirming dismissal of plaintiff's amended fraud claim).  Moreover, 'while [a defendant's] conduct may have constituted a breach of fiduciary duty or a breach of contract, said conduct, without more, cannot be converted into a fraud claim." Rocco v. Painewebber, Inc., 739 F. Supp. 83, 85 (D. Conn. 1990)(citations omitted)(dismissing claim for fraudulent misrepresentation).

      O'Keefe has simply taken its garden variety breach of contract claim and improperly sought to convert it into a tort claim, solely on the basis that it disagrees with the reasons Theme Co-op Promotions has asserted in refusing to pay.  Even if there was any truth to O'Keefe's claims, it has still pled nothing more than breach of contract.  It certainly hasn't pled a tort claim, nor has it remotely met the exacting pleading requirements of fraud.  Thus, this thinly-veiled breach of contract claim should be dismissed for failure to state a claim upon which relief may be granted.

      **D.**    **O'Keefe's simple breach of contract claim does not amount to an alleged Connecticut Unfair Trade Practices Act violation.**

      In its amended Count Eight, O'Keefe purports to allege a violation of the Connecticut Unfair Trade Practices Act ("CUTPA").  As with its futile effort to convert its breach of contract claim into other tort counts, O'Keefe's attempt to transform this claim into a CUTPA violation also fails.

The District of Connecticut recently explained the pleading requirements necessary for alleging a violation of CUTPA in <u>Bruce v. Home Depot, U.S.A., Inc</u>., 2004 WL 513730 (D. Conn. 2004).  The Court in <u>Bruce</u> stated:

> CUTPA provides that '[n]o person shall engage in unfair methods of competition and unfair or deceptive acts or practices in the conduct of any trade or commerce." Conn. Gen. Stat. § 42-110b(a).
>
> Whether an alleged practice violates CUTPA is determined by the so-called "cigarette rule":
>
> (1) Whether the practice, without necessarily having been previously considered unlawful, offends public policy as it has been established by statutes, the common law, or otherwise--whether, in other words, it is within at least the penumbra of some common law, statutory, or other established concept of unfairness; (2) whether it is immoral, unethical, oppressive, or unscrupulous; (3) whether it causes injury to consumers [competitors or other businessmen].

<u>Id</u>. at * 5 (internal citations omitted).

The District of Connecticut also recognized in <u>Bruce</u>, that '[t]he Connecticut courts have held that a simple breach of contract, even if intentional, does not amount to a violation of CUTPA.  A plaintiff must show substantial aggravating circumstances to recover under [CUTPA]." <u>Id</u>. (citing, <u>Rizzo Const. Pool Co. v. Riefler</u>, 2003 WL 22962196, at *13 (Conn. Super. 2003); <u>Raffone v. Home Depot U.S.A., Inc</u>., 2003 WL 21675051 at *2 (Conn. Super. 2003); <u>Lunn v. Hussey</u>, 2003 WL 716298, at *3 (Conn.Super. 2003)).

Moreover, '[a] simple contract breach is not sufficient to establish a violation of CUTPA, where a count simply incorporates the reference to the breach of contract claim and does not set forth how or in what respect the defendant's activities are either immoral, unethical, unscrupulous, or offensive to public policy." <u>Lunn</u>, 2003 WL 716298, at *3 (granting motion to

strike CUTPA claim)(quoting, <u>Bluezone Found. v. Paradise Prop.</u>, 2001 WL 951309 *2 (Conn. Super. 2001) (internal citations omitted) (granting motion to strike CUTPA claim).

O'Keefe fails to allege any substantial aggravating circumstances to recover under CUTPA.  Instead, O'Keefe simply incorporates by reference its original breach of contract claim[5] and in the most conclusory fashion purports to plead the "cigarette rule."  *See* O'Keefe's Amended Complaint ¶¶ 73 and 74.  These conclusory allegations are not supported by any alleged facts that come close to the "aggravating circumstances" required to plead a CUTPA claim.

Therefore, O'Keefe's purported CUTPA claim fails to state a claim upon which relief may be granted, and should consequently be dismissed.

### E. O'Keefe does not allege a cognizable claim entitling it to attorney's fees or punitive damages.

Because O'Keefe cannot assert a cognizable claim that would entitle it to recover attorney's fees or punitive damages, its amended prayer for relief must also be dismissed.

As demonstrated above, the amended Counts Three (breach of the implied covenant of good faith and fair dealing), Seven (fraudulent misrepresentation) and Eight (CUTPA) are fatally defective and should be dismissed.  In cases dismissing such claims, courts logically also dismiss the accompanying prayers for relief.  *See, e.g*., <u>Alvarez v. Fleet Nat'l Bank</u>, 2004 WL 945111

---

[5] As noted in the previous sections of this Memorandum, Plaintiff has failed to plead viable claims of breach of the implied covenant of good faith and fair dealing or fraudulent misrepresentation.  Therefore, Plaintiff's incorporation of these counts is devoid of meaning.

*10-11 (Conn. Super. 2004)(internal citations and quotations omitted)(granting motion to strike portions of prayer for relief requesting attorneys fees where plaintiff failed to plead requisite intent necessary for fraud); Rees v. Flaherty, 2003 WL 462868 2 (Conn. Super. 2003*), cert. denied,* 268 Conn. 911 (March 12, 2004)(striking CUTPA claim and accompanying prayer for attorneys fees); Burney v. Downer Funeral Home, 2001 WL 1029613 * 5-6  (Conn. Super. 2001)(striking CUTPA claim and accompanying prayer for attorneys fees); Ryan v. Allstate Indem. Co., 1998 WL 689767 *4 (J.D. of Stamford/Norwalk at Stamford, Sept. 21, 1998)(D'Andrea, J.) (in granting defendant's motion to strike claim for breach of the implied covenant of good faith and fair dealing, the court also struck the accompanying prayer for relief).

Accordingly, O'Keefe's prayer for relief seeking the recovery of attorney's fees and punitive damages on the basis of these defective amended counts should also be dismissed.

## CONCLUSION

For the foregoing reasons, the Defendant respectfully requests this Court grant its Motion to Dismiss the amended Counts Three, Seven and Eight, and the related prayers for relief seeking the recovery of attorney's fees and punitive damages, pursuant to Federal Rule of Civil Procedure 12(b)(6).

                                                **THE DEFENDANT,**
                                                THEME CO-OP PROMOTIONS, INC.

                          By_____
                              David A. Ball, Esq.
                              Fed. Bar No. ct10154
                              Cohen and Wolf, P.C.
                              1115 Broad Street
                              Bridgeport, CT  06604
                              Tel. No. (203) 368-0211

## **CERTIFICATION**

I hereby certify that on the date hereof, a copy of the foregoing Memorandum was mailed via First Class Mail, postage prepaid, to the following:

    Francis D. Burke, Esq.
    Mangines & Burke LLC
    1115 Main Street
    Suite 708
    Bridgeport, CT  06604

    _____
    David A. Ball, Esq.