UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

O'KEEFE & ASSOCIATES, INC.

        Plaintiff,

v.

THEME CO-OP PROMOTIONS, INC.

        Defendant.

Civil Action No.
3:00-CV-678 (SRU)

DECEMBER 23, 2004

**REPLY MEMORANDUM IN FURTHER SUPPORT OF
DEFENDANT'S MOTION TO DISMISS**

Defendant Theme Co-op Promotions, Inc., ("Theme Co-op" or "Defendant") submits this Reply Memorandum in Further Support of its Motion to Dismiss dated September 27, 2004.

**A.**    **Preliminary Statement**

In its Opposition to Theme Co-op's Motion to Dismiss, filed on December 13, 2004 (the "Opposition Papers") Plaintiff, O'Keefe & Associates, Inc., ("O'Keefe" or "Plaintiff") completely avoids responding to Defendant's moving papers. Rather than addressing the deficiencies of its pleading, O'Keefe instead attempts to divert this Court's attention by introducing extraneous documents and facts not included within the four corners of the Amended Complaint. Furthermore, the extraneous information O'Keefe impermissibly introduces does not defeat any of Theme Co-op's arguments in support of dismissing O'Keefe's claims for breach of the implied covenant of good faith and fair dealing (Count Three), fraudulent misrepresentation (Count Seven) and violation of the Connecticut Unfair Trade Practices Act ("CUTPA") (Count Eight) for failure to state claims upon which relief can be granted. Therefore, pursuant to Rule

12(b)(6) of the Federal Rules of Civil Procedure, the aforementioned claims and the corresponding prayers for relief must be dismissed.

**B.     Plaintiff impermissibly attempts to introduce new facts in the Opposition Papers in a futile attempt to bolster its insufficiently pled claims.**

O'Keefe improperly attempts to introduce new factual issues and extraneous documents in the Opposition Papers to revive its insufficiently pled claims. Moreover, even if it had been proper for O' Keefe to rely on this information, its intentional tort claims would still be fatally defective.

In opposing a motion to dismiss, plaintiffs are barred from introducing evidence outside the four corners of the complaint. The District of Connecticut recently stated in <u>Desardouin v. United Parcel Serv., Inc</u>., 285 F. Supp. 2d 153, 159 (D. Conn. 2003):

> In ruling on a Rule 12(b)(6) motion to dismiss for failure to state a claim, *the court is to consider only the allegations contained on the face of the complaint*...The Second Circuit adheres to this rule and has stated that in deciding such a motion, *consideration is limited to facts stated in the complaint or in documents attached to the complaint as exhibits or incorporated in the complaint by reference*… Limiting the court to consideration of the complaint on a motion to dismiss seems appropriate in light of the fact that, when a district court considers certain extra-pleading materials and excludes others, it risks depriving the parties of a fair adjudication of the claims by examining an incomplete record…

<u>Id</u>. (internal citations and quotation marks omitted)(emphasis added).

In <u>Desardouin</u>, the District of Connecticut, granted a Rule 12(b)(6) motion to dismiss, where the plaintiff attempted to overcome his deficient pleading by introducing new facts in his opposition to the defendant's motion to dismiss. <u>Id</u>. The <u>Desardouin</u> Court held that the plaintiff could not assert novel facts in his opposition papers in an attempt to cure his deficient pleadings. <u>Id</u>.

Similarly, O'Keefe engages in an improper attempt to save its defective pleadings by riddling the Opposition Papers with new facts and documents that were not referred to, or incorporated by reference in the Amended Complaint. More strikingly, unlike Desardouin, even if this Court could review the extraneous information, the new information on which O'Keefe relies does nothing to save its claims.

>    1. *O'Keefe's claim for breach of the implied covenant of good faith and fair dealing is fatally flawed because O'Keefe simply alleges Theme Co-op breached a <u>contractual obligation and therefore does not plead any allegations of bad faith</u>.*

In connection with its claim for breach of the implied covenant of good faith and fair dealing, O'Keefe fails to plead anything other than Theme Co-op allegedly breaching a contract by neglecting or refusing to fulfill a contractual obligation. As stated in Theme Co-op's initial moving papers, a party asserting breach of the implied covenant of good faith and fair dealing must plead and prove bad faith and cannot simply plead a mere breach of contract, or neglecting or refusing to fulfill a contractual obligation. <u>Gibbons v. NER Holdings, Inc</u>., 983 F. Supp. 310, 319 (D. Conn. 1997); <u>Feinberg v. Berglewicz</u>, 32 Conn. App. 857, 862 (1993)(same)(citing <u>Habetz v. Condon</u>, 224 Conn. 231, 238 (1992)).

At the outset, O'Keefe concedes in the Opposition Papers that its claim for breach of the implied covenant of good faith and fair dealing is based upon its allegations that Theme Co-op "refus[ed] to pay fees due to O'Keefe." <u>See</u> O'Keefe's Opposition Papers at p. 2 (citing the Amended Complaint ¶¶ 37, 38).

In the Opposition Papers, O'Keefe then improperly points to facts not mentioned anywhere within the four corners of the Amended Complaint and documents not attached or incorporated by reference within the Amended Complaint. <u>See</u> O'Keefe's Opposition Papers at pages 3 (citing Exs. 1-8, 22, 22); 4 (citing Exs. 8; 24); 5 (citing Exs. 7, 22-24); 6 (citing Ex. 21-

3

22); 7 (citing Ex. 24). As in <u>Desardouin</u>, this Court may not consider this extraneous information when deciding a Fed. R. Civ. P. 12(b)(6) motion to dismiss. <u>Desardouin</u>, 285 F. Supp. 2d at 159.

Even if there was some basis for the Court to consider the new "facts" contained in the Opposition Papers, the information would be inadmissible because it is irrelevant to the matter at bar, based upon hearsay or mere conjecture, and does not show that Theme Co-op engaged in any bad faith conduct. For example:

- O'Keefe points to John O'Keefe's hearsay testimony during his deposition that after Siena Long's employment terminated, she stated to him that "she was not surprised that [O'Keefe] had issues with [Theme Co-op], that Gerry Gersovitz 'keeps a staff of legal experts busy at all times,' and that O'Keefe had probably been 'squeezed' by [Theme Co-op]" (the "O'Keefe Testimony"). <u>See</u> O'Keefe's Opposition Papers at p. 6 (citing Deposition Transcript of John O'Keefe March 12, 2003 Ex. 22, pp. 156-158).

- O'Keefe submits a hearsay and irrelevant affidavit of another recruiter, Stanley C. Johnson (the "Johnson Statement"), purportedly to show that Theme Co-op, while still engaged in a relationship with O'Keefe, allegedly assured Johnson that it was not engaged with any other recruiters. <u>See</u> O'Keefe's Opposition Papers at p. 6 (citing Affidavit of Stanley Johnson Ex. 21).

O'Keefe did not allege any of this information in the Amended Complaint, nor did it append or incorporate by reference the Johnson Statement or the O'Keefe Testimony into the Amended Complaint. Therefore, this Court may not consider these facts, or any of the other exhibits introduced by O'Keefe, in determining whether O'Keefe sufficiently pled viable tort claims. Moreover, both the O'Keefe Testimony and the Johnson Statement are inadmissible under the Federal Rules of Evidence because they are irrelevant to the matter at bar and are based on hearsay. <u>See</u> Fed. R. Evid. 401, 802.

Lastly, even if this Court could consider the O'Keefe Testimony or the Johnson Statement, neither begins to show that Theme Co-op engaged in any acts of bad faith with

4

respect to its alleged breach of contract with O'Keefe. The O'Keefe Testimony is a hearsay statement of a former employee, which amounts to conjecture at best. The Johnson Statement -- which is entirely hearsay -- is truly baffling as it has absolutely nothing to do with this case.

Other "facts" that O'Keefe tries to introduce simply show that Theme Co-op allegedly "refused to respond" to O'Keefe's attempts to collect payment, thus reinforcing that this is just a breach of contract case. See O'Keefe's Opposition Papers at pages 3 (citing Exs. 1-8, 22); 4 (citing Exs. 8; 24)("*Defendant's lack of good faith is evidenced by its complete lack of response to O'Keefe's good faith efforts to address* [issues regarding Theme Co-op's alleged failure to honor its contractual obligations]") (emphasis added). Plaintiff further concedes that it has simply alleged "*that Defendant refused to pay Plaintiff for its services* not out of any genuine belief that these monies were not owed but simply *because it wished to avoid paying Plaintiff for services rendered*." Id. at p. 6 (emphasis added). Therefore, because O'Keefe does nothing more than plead a simple breach of contract claim, its cause of action for breach of the implied covenant of good faith and fair dealing must be dismissed pursuant to Rule 12(b)(6), for failure to state a claim upon which relief can be granted.

    2.    *O'Keefe fails to plead a cognizable claim for fraudulent misrepresentation.*

O'Keefe's Opposition Papers further reinforce Theme Co-op's argument that O'Keefe's fraudulent misrepresentation claim is deficient because: (1) O'Keefe fails to plead fraud with particularity in accordance with the stringent pleading requirements set forth in Fed. R. Civ. P. 9(b); and (2) O'Keefe merely alleges a breach of contract claim. Additionally, O'Keefe's attempt to utilize the Opposition Papers to introduce new facts to bolster its deficient fraudulent misrepresentation claim fails.

> a. O'Keefe fails to plead fraudulent misrepresentation with particularity, and instead pleads nothing more than breach of contract

O'Keefe's purported claim for fraudulent misrepresentation fails to plead the elements of fraud with the particularity required by Rule 9(b) because O'Keefe does not allege anywhere within the Amended Complaint, much less with particularity, that: (1) Theme Co-op made false statements; (2) Theme Co-op knew that the alleged statements it proffered were false; (3) Theme Co-op made the allegedly false statements to induce O'Keefe to act; and (4) O'Keefe acted upon Theme Co-op's statements to its detriment.  See, Bruce v. Home Depot, U.S.A., Inc., 308 F.Supp.2d 72, * 3 (D. Conn. 2004) (dismissing fraudulent misrepresentation claim where plaintiff failed to plead with particularity "what statements were made, by whom they were made, or when and where").

O'Keefe's fraud theory appears to be that Theme Co-op entered into the contract knowing it would not pay O'Keefe.  See O'Keefe's Opposition Papers at p. 8.  However, O'Keefe's allegations in the Amended Complaint completely belie this argument.  In paragraph 27 of the Amended Complaint, O'Keefe alleges: "[t]o date, O'Keefe has received payment of two hundred twenty thousand dollars ($220,000) towards the professional fees due, leaving a balance currently due and owing of at least [sic] one hundred fifteen thousand dollars ($115,000)."  Thus, under O'Keefe's twisted logic, the fraud perpetrated by Theme Co-op was entering into contracts knowing that it would not pay O'Keefe, and then paying O'Keefe $220,000.

The fact that this is merely a breach of contract claim is all the more obvious in light of O'Keefe's concession that the only specific facts it can point to in support of its theory of fraud are the dates that the parties entered into their contracts.  See, O'Keefe's Opposition Papers at p.

6

8. Obviously, O'Keefe has succeeded in pleading a garden-variety claim for breach of contract, and nothing more.

      b.      O'Keefe's improper attempt to cure its deficient claim for fraudulent misrepresentation by introducing extraneous facts and documents in the <u>Opposition Papers fails</u>.

In an effort to concoct a fraud claim, O'Keefe again cites to the inadmissible O'Keefe Testimony and the Johnson Statement. <u>See</u> O'Keefe Opposition Papers at p. 8 (citing Exs. 21-22). As in <u>Desardouin</u>, this Court may not review this extraneous information in connection with this Motion to Dismiss. <u>Desardouin</u>, 285 F. Supp. 2d at 159. Moreover, the extraneous information is comprised of the same hearsay statements and irrelevant affidavits discussed more fully above and is therefore inadmissible. <u>See</u> Fed. R. Evid. 401, 802. Finally, even if this Court could review these statements, neither demonstrates that Theme Co-op engaged in any type of fraudulent conduct with respect to O'Keefe.

Therefore, because O'Keefe's opposition concedes that it alleged merely a claim for breach of contract, its claim for fraudulent misrepresentation must be dismissed for failure to state a claim upon which relief can be granted.

      *3.*      *<u>O'Keefe's claim for CUTPA must be dismissed for failure to state a claim upon which relief can be granted</u>.*

Despite O'Keefe's contentions, the Amended Complaint does not allege the requisite aggravating circumstances that would entitle O'Keefe to recover under CUTPA. <u>See</u> <u>Bruce v. Home Depot, U.S.A., Inc.</u>, 308 F.Supp.2d 72, * 5 (D. Conn. 2004) (explaining '[t]he Connecticut courts have held that simple breach of contract, even if intentional, does not amount to a violation of CUTPA. A plaintiff must show substantial aggravating circumstances to recover under the Act.') (citations omitted). O'Keefe's CUTPA claim consists of the

7

incorporation of its claim for breach of contract, and one conclusory allegation that Theme Co-op allegedly engaged in acts that "offended public policy, constitute immoral, unethical, oppressive and unscrupulous conduct, and cause substantial injury to consumers." O'Keefe did not allege any aggravating factors necessary to support a cause of action under CUTPA. See Amended Complaint ¶¶72, 73. See also, Lunn v. Hussey, 2003 WL 716298 *3 (granting motion to strike CUTPA claim where plaintiff simply incorporates its breach of contract claim by reference into CUTPA count and does not set forth "how or in what respect the defendant's activities are either immoral, unethical, unscrupulous, or offensive to public policy") (quoting, Bluezone Found. v. Paradise Prop., 2001 WL 951309 *2 (Conn. Super. 2001) (granting motion to strike CUTPA claim).

  Again, O'Keefe's only response is to cite the new extraneous facts and exhibits not found within the Amended Complaint. See O'Keefe's Opposition Papers at p. 8 (citing Ex. 7, 21, 22). As in Desardouin, this Court may not review this extraneous information in connection with this Motion to Dismiss. Desardouin, 285 F. Supp. 2d at 159. Moreover, the majority of the extraneous information is comprised of the same hearsay statements and irrelevant affidavits discussed more fully above and is therefore inadmissible. See Fed. R. Evid. 401, 802. Therefore, as with the aforementioned counts, this Court cannot consider the extraneous evidence when considering whether O'Keefe has pled a viable CUTPA claim.

  Even if this Court could review the extraneous information, and even if it was somehow admissible, this information does not introduce any aggravating circumstances necessary to support a CUTPA claim. O'Keefe argues in the Opposition Papers that Theme Co-op allegedly "refused to meet its bargain" with O'Keefe, and Theme Co-op allegedly "refused to respond to"

O'Keefe's allegedly "good faith efforts to perform its end of the bargain."  See O'Keefe's Opposition Papers at p. 10.  If true, O'Keefe's claims only amount to breach of contract.

In the Opposition Papers at p. 10, O'Keefe struggles to compare its deficient CUTPA claim with the properly pled CUTPA claims found in <u>Bruce v. Home Depot, U.S.A., Inc</u>., 308 F.Supp.2d 72 and <u>Larobina v. Home Depot, USA, Inc</u>., 76 Conn. App. 586 (2003).  Both of those cases involved the precise misconduct that CUTPA was enacted to prevent:  deceptive conduct designed to mislead and harass consumers.  In <u>Bruce</u>, a consumer brought a CUTPA claim against Home Depot in connection with the consumer's attempt to purchase kitchen components.  The plaintiff alleged that the defendant lacked the capacity to provide the goods at the contract price, and did not even manufacture the components it purported to sell.  The plaintiff alleged specific misrepresentations about the delivery date, and subsequent acts of harassment in attempting to collect from the plaintiff.  The court found that these allegations constituted "aggravating factors" beyond a simple breach of contract.  <u>Id</u>., 308 F.Supp.2d 2d 72 at *5.

In <u>Larobina</u>, the court affirmed a classic CUTPA violation where the plaintiff alleged that the defendant engaged in "misleading and unfair sales practices" by providing multiple quotes to a customer for installation of carpeting, and then attempting to charge the customer a higher amount than initially quoted.  <u>Larobina</u>, 76 Conn. App. at 589-90.  O'Keefe has not pled any facts that are remotely similar to the aggravating factors alleged in <u>Bruce</u> and <u>Larobina</u>.  O'Keefe's reliance on these cases is misplaced.

Therefore, because O'Keefe fails to assert a viable CUTPA claim in the Amended Complaint, dismissal is proper pursuant to Rule 12(b)(6) of the federal rules of civil procedure.

9

## **CONCLUSION**

      For the foregoing reasons, the Defendant respectfully requests this Court grant its Motion to Dismiss the amended Counts Three, Seven and Eight, and the related prayers for relief seeking the recovery of attorney's fees and punitive damages, pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure.

                                  **THE DEFENDANT,**
                                  THEME CO-OP PROMOTIONS, INC.

                            By_____
                                David A. Ball, Esq.
                                Fed. Bar No. ct10154
                                Cohen and Wolf, P.C.
                                1115 Broad Street
                                Bridgeport, CT  06604
                                Tel. No. (203) 368-0211

## **CERTIFICATION**

      I hereby certify that on the date hereof, a copy of the foregoing Memorandum was mailed via First Class Mail, postage prepaid, to the following:

      Francis D. Burke, Esq.
      Mangines & Burke LLC
      1115 Main Street
      Suite 708
      Bridgeport, CT  06604

                                                   _____
                                                   David A. Ball, Esq.