UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

O'KEEFE & ASSOCIATES, INC.

        Plaintiff,

v.

THEME CO-OP PROMOTIONS, INC.

        Defendant.

Civil Action No.
3:00-CV-678 (SRU)

March 8, 2005

**DEFENDANT'S MOTION TO STRIKE
PLAINTIFF'S EXHIBITS AND MEMORANDUM OF LAW**

Defendant Theme Co-op Promotions, Inc. ("Theme Co-op") hereby moves to strike O'Keefe & Associates, Inc.'s ("O'Keefe") Exhibits 6, 7, 8, 9, 17, 20 and 21 submitted in support of O'Keefe's Motion to Dismiss and/or for Summary Judgment.

As set forth below, O'Keefe's Exhibits 6 through 9 are inadmissible offers of compromise. O'Keefe's Exhibit 17 contains inadmissible hearsay. Finally, O'Keefe's Exhibits 20 and 21 are wholly irrelevant to Theme Co-op's Amended Counterclaims and are rife with hearsay statements. Because they are inadmissible, O'Keefe's Exhibits 6, 7, 8, 9, 17, 20 and 21 must be stricken accordingly.

**I.    Argument**

"A motion to strike is the correct vehicle to challenge materials submitted in connection with a summary judgment motion." <u>Newport Elec., Inc. v. Newport Corp.</u>, 157 F. Supp.2d 202, 208 (D. Conn.2001). "The principles governing admissibility of evidence do not change on a motion for summary judgment.... Therefore, only admissible evidence need be considered by the

trial court in ruling on a motion for summary judgment.…". Merry Charters, LLC v. Town of Stonington, 342 F. Supp.2d 69 (D. Conn. 2004) (citations and internal quotation marks omitted).

**II.   O'Keefe's Exhibits 6, 7, 8, 9, 17, 20 and 21 are inadmissible and should therefore be stricken.**

A.   O'Keefe's Exhibits 6 through 9

Pursuant to Fed. R. Evid. 408, O'Keefe's Exhibits 6, 7, 8 and 9 must be stricken as inadmissible offers of compromise. Rule 408 provides, in pertinent part:

> Evidence of (1) furnishing or offering or promising to furnish, or (2) accepting or offering or promising to accept, a valuable consideration in compromising or attempting to compromise a claim which was disputed as to either validity or amount, is not admissible to prove liability for or invalidity of the claim or its amount. Evidence of conduct or statements made in compromise negotiations is likewise not admissible…

Courts have made clear that Rule 408 renders offers of settlement and the admission of statements made "in the course of compromise negotiations," inadmissible. See Pierce v. F.R. Tripler & Co., 955 F.2d 820, 826-29 (2d Cir. 1992) (affirming trial court's exclusion of communications made during the course of settlement negotiations); Trebor Sportswear Co., v. The Limited Stores, Inc., 865 F.2d 506, 510 (2d. Cir. 1989) (finding documents "intended to settle claims" inadmissible to prove validity of breach of contract claims pursuant to Rule 408); Inner City Broadcasting Corp., v. Galaxy Broadcast, 1996 WL 328744 *1 (S.D.N.Y. 1996)[1] (citing Trebor) (same, also holding: "Letters making offers of settlement are not admissible evidence in civil suits.").

Moreover, a communication of a demand for what a party believes is an outstanding account balance is "a precursor to a settlement" and therefore is an inadmissible "term or

---

[1] A copy of this unreported decision is attached hereto as Exhibit 1 for the convenience of the Court.

condition of settlement negotiations" and is "within the sweep of Rule 408." <u>Commodity Futures Trading Comm'n v. Murray Ira Rosenberg d/b/a Pro Broker Servs., Inc.</u>, 85 F. Supp.2d 424, 433-434 (D.N.J. 2000) (finding communication of demand of outstanding balance inadmissible under Fed. R. Evid. 408).

O'Keefe's Exhibits 6, 7, 8 and 9 are letters exchanged between Theme Co-op and O'Keefe during the course of compromise negotiations demonstrating both the precursor to settlement negotiations (Ex. 6) and the settlement negotiations themselves (Exs. 7-9). Accordingly, O'Keefe's Exhibits 6, 7, 8 and 9 are inadmissible under Fed. R. 408.

A review of Exhibits 6 through 9 reveals ongoing settlement discussions regarding the parties' disagreement over whether Theme Co-op owed O'Keefe sums as a result of O'Keefe's executive searches. Exhibit 6 is O'Keefe's memo to Theme Co-op summarizing the dispute regarding O'Keefe's claim that Theme Co-op owed a balance to O'Keefe. Significantly, this letter is dated November 29, 1999, just two weeks prior to the settlement negotiations which follow. Because Exhibit 6 is the precursor to the settlement negotiations that appear in O'Keefe's Exhibits 7, 8 and 9, it is inadmissible.

In O'Keefe's Exhibit 7, a letter dated December 13, 1999, Theme Co-op responds to O'Keefe's Exhibit 6 with a demand that O'Keefe pay sums to Theme Co-op, or provide services, to resolve the dispute. O'Keefe's Exhibit 8, a letter from O'Keefe dated December 14, 1999, is O'Keefe's response to Theme Co-op's offer in Exhibit 7. O'Keefe makes a demand, while stating: "*Gerry, it is my sincere hope that we can resolve this without the use of legal resources.*" Finally, in Exhibit 9, O'Keefe's counsel again makes a settlement offer, expressing to Theme Co-op that he would "*very much like to resolve this matter with you or your representative short of costly litigation.*"

3

Because Exhibits 6, 7, 8 and 9 consist of a chain of settlement offers and negotiations, they are inadmissible under Fed. R. Evid. 408, and should not be considered in connection with O'Keefe's motion for summary judgment.

B.  O'Keefe's Exhibit 17

O'Keefe's 17 is an exit interview of Robert Cooke. Because it is inadmissible hearsay, it should be stricken.

Pursuant to Fed. R. Evid. 801, "an out-of-court statement, other than one made by the declarant, offered in evidence to prove the truth of the matter asserted therein" is inadmissible hearsay.

The portion of O'Keefe's Exhibit 17 containing the exit interview of Robert Cooke appears to be a memorandum prepared by Kim DeJesus reporting Robert Cooke's statements during his exit interview. O'Keefe offers Cooke's hearsay statements purportedly to show the truth of O'Keefe's contentions that Theme Co-op's compensation plan was too risky, that Cooke's failure to generate sales was somehow related to Theme Co-op's reputation on the East Coast, and that "there must be something seriously wrong" with Theme Co-op if Cooke could not make a sale in six months. See O'Keefe's Rule 56(a) Statement of Undisputed Facts No. 42.

Therefore, because this portion of O'Keefe's Exhibit 17 contains Cooke's hearsay statements, offered to prove the truth of those statements, it is inadmissible hearsay and must be stricken from the record.

4

C.   O'Keefe's Exhibit 20

Pursuant to Fed. R. Evid. 401 and 801, O'Keefe's Exhibit 20 must be stricken because the exhibit is not remotely relevant to Theme Co-op's Amended Counterclaims and because it is entirely based upon hearsay.

O'Keefe's Exhibit 20 is comprised of Kim DeJesus' report of Jeanine Salveson's exit interview.  Theme Co-op did not hire Jeanine Salveson through O'Keefe's services, and she has virtually no connection with any of the allegations in this case.  Therefore, pursuant to Fed. R. Evid. 401, because Jeanine Salveson's exit interview cannot possibly have "any tendency to make the existence of any fact that is of consequence to the determination of …" Theme Co-op's Counterclaims "more or less probable than it would be without this statement," it is inadmissible, irrelevant evidence and should be stricken.

Moreover, the document is being offered to introduce the truth of Salveson's hearsay statements that she purportedly had the same concerns about Theme Co-op as Cooke and Regan. See O'Keefe's Rule 56(a) Statement of Undisputed Facts No. 44.  Even if there was some conceivable relevancy to Salveson's opinions, the hearsay statements contained in the document are inadmissible.

Accordingly, O'Keefe's Exhibit 20 must be stricken from the record in connection with O'Keefe's Motion to Dismiss and/or for Summary Judgment.

D.   O'Keefe's Exhibit 21

O'Keefe's Exhibit 21 is an affidavit of another recruiter, Stanley Johnson. Pursuant to Fed. R. Evid. 401 and 801, and Fed. R. Civ. P. 56(e), O'Keefe's Exhibit 21 should be stricken because the affidavit is wholly irrelevant to the action at bar and is replete with hearsay

5

statements. Rule 56(e) of the Federal Rules of Civil Procedure requires an affidavit supporting a motion for summary judgment to set forth such facts as would be admissible in evidence. Further, Rule 56(e) requires the affidavit to "be made on personal knowledge."

Johnson is the senior partner of Johnson & Company, an executive search firm entirely unrelated to O'Keefe. See O'Keefe's Ex. 21 at ¶ 1. Indeed, Johnson admits that his executive search firm is in direct competition with O'Keefe. See O'Keefe's Ex. 21 at ¶ 2. Johnson never avers -- because he cannot -- that his association with Theme Co-op is in any way related to O'Keefe's association with Theme Co-op. See O'Keefe's Ex. 21.

Instead, the affidavit is purportedly being offered to show that Theme had assured Johnson that it did not have a relationship with any other executive search firms, and that this was untrue. See O'Keefe's Rule 56(a) Statement of Undisputed Facts No. 58. Even if there was any truth to this claim, it is utterly irrelevant to O'Keefe's claims and Theme Co-op's Counterclaims. Theme Co-op's relationship with Johnson & Company -- and for that matter any representations made by Theme Co-op to Johnson and Company -- have absolutely nothing to do with the claims in this case. Rather, this is a fairly obvious attempt by O'Keefe to smear Theme Co-op, with the twisted logic that this might somehow convince the Court that if Theme Co-op made untrue statements to Johnson & Company, its Counterclaims should be dismissed. Rather than trying to decipher O'Keefe's motives in submitting this affidavit, it is far easier to conclude that the affidavit should be stricken because it is irrelevant.

The Johnson affidavit is also inadmissible pursuant to Fed. R. Evid. 801 because it is riddled with hearsay statements. "An affidavit made on secondhand information and hearsay is not made on the 'personal knowledge' of the affiant for the purposes of Rule 56(e). McMillian v. Experian, 170 F. Supp.2d 278, 281-82 (D. Conn. 2001) (striking portions of affidavit from

record containing hearsay statements) (quoting Isaacs v. Mid America Body & Equip. Co., 720 F. Supp. 255, 256 (E.D.N.Y. 1989); *accord* Sellers v. M.C. Floor Crafters, Inc., 842 F.2d 639, 643 (2d Cir.1988) ("a hearsay affidavit is not a substitute for the personal knowledge of a party"). "A party can make a motion to strike affidavits if they are not made on the basis of personal knowledge." Keene v. Hartford Hosp., et al., 208 F. Supp.2d 238, 242 (D. Conn. 2002) (citing Sellers v. M.C. Floor Crafters, Inc., 842 F.2d 639, 643 (2d Cir.1988)).

Johnson's Affidavit is filled with hearsay statements. For example, paragraphs 4, 5, 8, and 9 are entirely based upon hearsay:

> 4. …The individuals we placed at [Theme Co-op] reported that their actual working conditions differed substantially from what had been represented by [Theme Co-op].
>
> 5. All three individuals reported backing having difficulties with their [Theme Co-op] compensation plan, specifically that they never had a chance to make the commissions and /or bonuses that were anticipated.
>
> 8. …Mr Cohan indicated that he would be interviewing Cary Rogers next week and that he attached the resume [of Carey Rogers] as a "good profile example."
>
> 9. Before I began working for [Theme Co-op], I requested and received assurances from [Theme Co-op] that it was not currently engaged with any other search firms.

Because Johnson's affidavit is inadmissible due to the multiple hearsay contained in it, it should not be considered in connection with O'Keefe's Motion to Dismiss and/or for Summary Judgment. Even if the Affidavit had not been based upon second hand information, its contents are completely irrelevant to the claims in this case.

7

**WHEREFORE,** Theme Co-op respectfully requests that this court grant its Motion to Strike O'Keefe's Exhibits 6, 7, 8, 9, 17, 20 and 21.

        **THE DEFENDANT,**
        THEME CO-OP PROMOTIONS, INC.


By_____
   David A. Ball, Esq.
   Fed. Bar No. ct10154
   Cohen and Wolf, P.C.
   1115 Broad Street
   Bridgeport, CT  06604
   Tel. No. (203) 368-0211
   Fax:  (203) 394-9901
   Email: dball@cohenandwolf.com

**CERTIFICATION**

I hereby certify that on this 8th day of March, 2005, a copy of the foregoing Motion was mailed via First Class Mail, postage prepaid, to the following:

> Francis D. Burke, Esq.
> Mangines & Burke LLC
> 1115 Main Street
> Suite 708
> Bridgeport, CT  06604

_____
David A. Ball, Esq.