

Not Reported in F.Supp.  
1996 WL 328744 (S.D.N.Y.)  
**(Cite as: 1996 WL 328744 (S.D.N.Y.))**

Page 1

C

Only the Westlaw citation is currently available.

United States District Court, S.D. New York.
INNER CITY BROADCASTING CORP. as Licensor of WBLS Radio, Plaintiff,
v.
GALAXY BROADCAST, Defendant.
**No. 95 CIV 0656 WK.**

June 13, 1996.

Joi Huckaby Rideout, New York City, for plaintiff.

Arthur C. Church, Cincinnati, Ohio, for defendant.

*MEMORANDUM AND ORDER*

KNAPP, Senior District Judge.

**\*1** This is a breach of contract case before us by virtue of the fact that plaintiff, Inner City Broadcasting Corp. ("plaintiff") is a New York corporation and defendant, Galaxy Broadcast ("defendant") is an Ohio corporation. Plaintiff has moved for summary judgment, which, for the reasons that follow, we deny.

The undisputed facts are as follows:

Plaintiff is a licensee or licensor of a New York radio station. [FN1] Defendant appears also to be involved in the broadcasting/communications industry. On April 8th, 1994, plaintiff and defendant entered into a contract in connection with one of plaintiff's advertisement and promotional campaigns for the New York radio station. The contract provided, *inter alia,* that defendant was to perform printing services, including but not limited to producing and mailing out six hundred thousand (600,000) window stickers for plaintiff's campaign. In exchange, plaintiff agreed to pay $307,400. The contract stated that "time is of the essence" and that all printing and mailings were to have been completed on or about May 18, 1994.

The complaint alleges that plaintiff paid defendant $307,400 for the stickers, but that "defendant failed to produce, print and mail over 130,000 copies of the window stickers." Complaint at ¶ 8. The complaint further alleges that plaintiff demanded a proportional refund of $66,398.40 for the unproduced stickers, but that defendant has not paid. Therefore, the complaint alleges, defendant is liable for breach of contract.

The complaint originally consisted of three causes of action: first for breach of contract and restitution in the amount of $66,398.40; second for consequential damages suffered as a result of defendant's breach including loss of profit, listenership and ratings, in the amount of $1,000,000; and third, for attorneys fees and costs in the amount of $30,000. In connection with this motion, plaintiff asserts that it is dropping the claim for consequential damages (Count Two), and seeks summary judgment only on Counts One and Three.

Defendant's answer denies all of plaintiff's allegations, and asserts that the complaint fails to state a claim upon which relief can be granted, and that venue is improper.

Plaintiff has moved for summary judgment, stating that there are no issues of material fact in dispute, as defendant has admitted liability for the breach of contract. Plaintiff apparently bases this assertion -- which appears odd in light of defendant's answer, which clearly denies liability -- on the fact and substance of four letters from defendant's attorney to plaintiff's attorney, in which defendant expressed an interest in settling the case.

We find that in none of these letters, which are attached as exhibits to plaintiff's motion and defendant's opposition, does defendant admit liability. Moreover, it is well settled that an offer of settlement does not constitute an admission of liability, and cannot be used as proof of liability, *see* **Trebor Sportswear Co. v. The Limited Stores (2d. Cir. 1989) 865 F.2d 506**. Further, letters making offers of settlement are not admissible evidence in civil suits. *See* Fed. R. Evid. 408.

**\*2** These letters, therefore, even if they could be construed as containing admissions of liability -- which we don't believe they can -- do not relieve the plaintiff of its burden on a summary judgment motion of showing that there are no material facts in dispute. Accordingly, because the facts surrounding the question of whether or not defendant breached its contract with plaintiff remain in dispute, plaintiff's summary judgment motion is denied.

© 2005 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Not Reported in F.Supp.  
1996 WL 328744 (S.D.N.Y.)  
**(Cite as: 1996 WL 328744 (S.D.N.Y.))**

Page 2

SO ORDERED.

> FN1. The caption of the action refers to plaintiff as "licensor of WBLS radio," while the complaint alleges that plaintiff is "licensee of WBLS radio."

1996 WL 328744 (S.D.N.Y.)

END OF DOCUMENT

© 2005 Thomson/West. No Claim to Orig. U.S. Govt. Works.