UNITED STATES DISTRICT COURT

DISTRICT OF CONNECTICUT

O'KEEFE & ASSOCIATES, INC.

     v.                                        3:00cv678 SRU

THEME CO-OP PROMOTIONS, INC.

RULING ON BILL OF COSTS

On April 11, 2007, judgment entered confirming the arbitration award for the plaintiff. On May 3, 2007 and August 21, 2007, the plaintiff submitted a Bill of Costs and no objection was filed by the defendant. For the reasons stated below, the plaintiff's bill of costs is granted in part and denied in part.

A. FEES OF THE CLERK: The plaintiff submits a claim for fees of the clerk in the amount of $150.00. The filing fee for the complaint in the amount of $150.00 is allowed pursuant to 28 U.S.C. § 1920 and Local Rule 54(c)6.(iii).

Costs are entered in the amount of **$150.00.**

B. FEES OF THE STATE MARSHAL: The plaintiff submits claims for service fees of subpoenas. The plaintiff is allowed to recover costs for service only to the extent that the costs of service do not exceed the costs that would have been charged if the U.S. Marshal effected service, U.S. v. Merritt Meridan Constr. Corp., 95F.3d 153 (2d Cir. 1996). The plaintiff submits a claim for service of the complaint in the amount of $48.95 and for service of a subpoena in the amount of $119.00. The supporting documentation for these claims does not have any breakdown of the mileage, the mileage rate, witness fee, etc. Therefore these claims are reduced, without prejudice to renewal with further supporting documentation, to $45.00 each, which is the statutory

fee of the U.S. Marshal.

Claims for service are allowed in the amount of **$90.00**.

      C. FEES FOR COURT REPORTER: Plaintiff is entitled to costs for an original and one copy of the transcript and any court reporter attendance fees, to be taxed at the prevailing page rate pursuant to Local Rule 80.  Pursuant to Vol VI, Chap. XX of the "Guide to Judiciary Policies and Procedures", maximum transcript rates for an original and one copy in 2003 were $3.75 per page.  Postage and handling and charges for delivery of transcripts are not recoverable as costs, Wahl v. Carrier Mfg. Co., Inc. 511 F.2d 209, 217 (7th Cir., 1975).  Condensed, ASCII disk, expedited or daily transcripts are also not recoverable as costs.  Deposition transcripts are taxable if used at trial in lieu of live testimony, for cross-examination, for impeachment or in support of a successful motion for summary judgment pursuant to Local Rule 54(c)2.(ii).  The plaintiff submits claims for the deposition transcript of Paul Sampson in the amount of $675.75 and John O'Keefe in the amount of $364.50 together with tax, for a total claim of $1,070.87.  Supporting documentation show these claims are within the statutory rate.  The plaintiff submits a claim for the deposition of Gerry Gersovitz in the amount of $927.50 and this claim is reduced to $800.01 to comply with the statutory page rate allowed. Costs are entered in the amount of **$1,870.88.**

      D. FEES FOR COPIES: The plaintiff submits a claim for copies in the amount of $561.50, which is allowed.

Costs are entered in the amount of **$561.50**.

      E. SUMMARY: For the reasons previously stated, the plaintiff's bill of costs are

allowed as follows:

| | |
|---|---|
| Fees of the Court | $ 150.00 |
| Fees of the State Marshal | $ 90.00 |
| Fees of the Court Reporter | $1,870.88 |
| Fees for Copies | $ 561.50 |
| Total | $2,672.38 |

Pursuant to Local Rule 54(d), the parties may appeal this decision to the presiding judge within five days of the entry of this ruling.

Dated at Bridgeport, Connecticut, this 4th day of January, 2008.

ROBERTA D. TABORA, Clerk

By     /s/Chrystine W. Cody
      Deputy-in-Charge