UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

O'KEEFE & ASSOC., INC.

    v.	3:00CV678 SRU

THEME CO-OP PROMOTIONS, INC.

**RULING on PENDING MOTIONS**

On April 12, 2000, plaintiff O'Keefe & Associates, Inc. ("O'Keefe") sued Theme Co-Op Promotions, Inc. ("TCP Inc."). That litigation was resolved when the parties submitted their claims to arbitration before me, and on January 9, 2007, I issued an arbitration ruling awarding O'Keefe $85,000.[1] On January 4, 2008, a ruling issued awarding the plaintiff various costs in the amount of $2,672.38.

In a separate action venued in the United States District Court for the Northern District of California, Theme Promotions, Inc. ("TP Inc.") sued News America, FSI ("News America"). On appeal, the Ninth Circuit Court of Appeals affirmed a lower court judgment that ordered News America to pay several million dollars to TP Inc. Throughout the course of that litigation, O'Keefe obtained and served a number of writs of execution, on News America, against the judgment debtor in the case at bar, TCP Inc. After the Ninth Circuit upheld the district court's judgment against News America, counsel for TP Inc. disclaimed knowledge of an entity known as Theme Co-Op Promotions, Inc. and indicated that News America should not withhold payment in the amount of O'Keefe's lien because "the plaintiff in our case is Theme Promotions, Inc. dba Theme Co-op Promotions," rather than Theme Co-Op Promotions, Inc.

---

[1] On January 8, 2009, I issued an initial arbitration ruling that I amended the next day.

Subsequently, on February 2, 2009, O'Keefe applied in this court for a writ of execution listing two judgment debtors, "Theme Co-Op Promotions, Inc. dba Theme Co-op Promotions" and "Theme Promotions, Inc. d/b/a Theme Co-op Promotions." That writ of execution issued two days later. TCP Inc. now moves to quash that writ of execution, arguing that under Rule 69(a)(1) of the Federal Rules of Civil Procedure the procedure on executions "must accord with the procedure of the state where the court is located," and that under section 52-356a of the Connecticut General Statutes, the clerk is directed to issue a writ of execution "against the nonexempt personal property of the judgment debtor . . . ." TCP Inc. argues that, because TP Inc. was not named as a defendant or judgment debtor in the case at bar, the writ of execution on TP Inc. should be quashed. O'Keefe objects to TCP Inc.'s motion to quash, and has also moved *nunc pro tunc* to amend any or all of the writ of execution, case caption, and judgment in the case at bar, ostensibly in order to effectively satisfy its lien on the money judgment News America must pay to TP Inc.

For the reasons that follow, O'Keefe's motion to amend (**doc. #131**) is GRANTED, and TCP Inc.'s motion to quash (**doc. #130**) is DENIED.

**I.      Discussion**

Rule 69(a)(1) states that:

> A money judgment is enforced by a writ of execution, unless the court directs otherwise. The procedure on execution — and in proceedings supplementary to and in aid of judgment or execution — must accord with the procedure of the state where the court is located, but a federal statute governs to the extent it applies.

Accordingly, I apply Connecticut law "in proceedings supplementary to and in aid of judgment or execution," such as the motions that I consider here. Under section 52-123 of the Connecticut General Statutes:

> No writ, pleading, judgment or any kind of proceeding in court or course of justice shall be abated, suspended, set aside or reversed for any kind of circumstantial errors, mistakes or defects, if the person and the cause may be rightly understood and intended by the court.

Connecticut courts have permitted amendments to pleadings and judgments under section 52-123, stating that "the mislabeling or misnaming of a *defendant* constitute[s] a circumstantial error that is curable under § 52-123 when it d[oes] not result in prejudice to either party." *America's Wholesale Lender v. Pagano*, 87 Conn. App. 474, 478 (2005) (emphasis in original); *see also, e.g., Maulucci v. St. Francis Hospital & Medical Center Foundation, Inc.*, 1996 WL 397716 at *2 (Conn. Super. July 17, 1996) ("Conn. Gen. Stat. § 52-123 does not allow actions to be defeated because of misnomers.").

    Here, the pleadings and other litigation submissions of TCP Inc. through the course of the instant litigation indicate that Theme Promotions, Inc., doing business as Theme Co-op Promotions, was the defendant in this litigation, had notice of the proceedings and judgment against it, and has not suffered prejudice despite Theme Co-Op Promotions, Inc. being named in the case caption and judgment in this matter. In its initial answer and counterclaim, TCP Inc. states that "Defendant Theme Promotions, Inc. hereby answers the Amended Complaint of O'Keefe & Associates, Inc.," and that "Defendant and Counterclaim-Plaintiff Theme Promotions, Inc. is a California corporation doing business as Theme Co-op Promotions ('TCP')." Answer and Countercl. at pp. 1-2 (att. as Ex. 1 to Mem. Opp. Def.'s Mot. Quash). In its first amended counterclaim, TCP Inc. likewise states that "Defendant and Counterclaim-Plaintiff Theme Promotions, Inc. is a California corporation doing business as Theme Co-op Promotions ('TCP')." 1st Am. Countercl. at ¶ 1 (att. as Ex. 2 to Mem. Opp. Def.'s Mot. Quash). TCP Inc. opposed a motion by O'Keefe to amend its complaint, and in so doing, referred to itself

as "Theme Promotions, Inc. ('Theme Co-op Promotions')."  Def.'s Mem. Opp. Pl.'s Mot. Am. Compl. at 1 (att. as Ex. 3 to Mem. Opp. Def.'s Mot. Quash).

In addition, O'Keefe stated in its Local Rule 56(a)(1) Statement of Undisputed Material Facts in support of its motion for summary judgment that "Theme Co-op Promotions, Inc. ('Theme') is an advertising and marketing firm with a principal place of business in San Francisco, California."  Def.'s Local R. 56(a)(2) Stmt. at ¶ 3 (att. as Ex. 4 to Mem. Opp. Def.'s Mot. Quash).  TCP Inc. replied: "Admitted.  The name of the corporation is Theme Promotions, Inc.  It does business as Theme Co-Op Promotions."  *Id*.  CEO Gerry Gersovitz additionally stated in an affidavit that "I am the President and Chief Executive Officer of Theme Promotions, Inc., a California corporation which does business as Theme Co-op Promotions," 1/16/01 Gersovitz Aff. at ¶ 2 (att. as Ex. 5 to Mem. Opp. Def's Mot. Quash), and testified that the name of the company where he was employed is "Theme Co-op Promotions."  3/6/03 Gersovitz Dep. at p. 10, ln. 14-18 (att. as Ex. 6 to Mem. Opp. Def's Mot. Quash).

In light of the many representations made in TCP Inc.'s pleadings and other litigation submissions, including discovery responses, that the defendant-counterclaim plaintiff in this case was Theme Promotions, Inc., and that it did business as Theme Promotions, Inc., TCP Inc. cannot now plausibly argue that it will suffer any prejudice by virtue of amending the pleadings, case caption, and judgment in this matter to include Theme Promotions, Inc. d/b/a Theme Co-Op Promotions as a defendant and judgment debtor in this action.  Throughout the course of the instant litigation, TCP Inc. has represented that the defendant-counterclaim plaintiff, although named solely as Theme Co-Op Promotions, Inc., was Theme Promotions, Inc., doing business as Theme Co-op Promotions.  Accordingly, under section 52-123 of the Connecticut General

Statutes as made applicable by Rule 69(a)(1) of the Federal Rules of Civil Procedure, O'Keefe's motion to amend (**doc. #131**) is GRANTED.  TCP Inc.'s motion to quash (**doc. #130**) is DENIED.

    It is so ordered.

    Dated at Bridgeport, Connecticut, this 27th day of July 2009.

                      /s/
                  Stefan R. Underhill
                  United States District Judge